**HERMETIC REFRIGERATION COMPANY, INC., Appellee,**

v.

**CENTRAL VALLEY NATIONAL BANK INC., Appellant,**

**Robert L. Walker and First Western Bank and Trust Company, Inc., Defendants.**

**No. 73-1420.**

United States Court of Appeals, Ninth Circuit.

Feb. 15, 1974.

C. Jay Hollander (argued), Fitzsimmons & Hawthorne, Oakland, Cal., for appellant.

William A. Resneck (argued), Marvin D. Morgenstein, Steinhart, Goldberg, Feigenbaum & Ladar, San Francisco, Cal., for appellee.

Before CARTER and GOODWIN, Circuit Judges, and SOLOMON,* District Judge.

ALFRED T. GOODWIN, Circuit Judge:

A bank which honored unauthorized endorsements by an embezzler of his employer's checks appeals a judgment in favor of the employer, asserting error in the district court's refusal to accept a defense of contributory negligence.

Robert Walker was employed by Hermetic Refrigeration Company as the manager of its Oakland office. As office manager he had authority to receive checks made payable to Hermetic and to transfer them to Hermetic's Phoenix office, or, in the case of exceptionally large checks, to deposit them in Hermetic's corporate account with the Bank of America in San Leandro. Walker, however, opened a personal checking account with Central Valley National Bank (Central Bank) and, without authorization, deposited therein checks made payable to Hermetic. Walker stamped these checks on the reverse side with a rubber stamp bearing Hermetic's name and address and signed his name below the stamp.

California Commercial Code (hereinafter C.C.C.) § 3406 provides:

"Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business."

This section does not establish liability, but rather creates a conditional estoppel not otherwise available to a bank. However, before it can take advantage of the estoppel, the bank must first show that it acted in accordance with the reasonable commercial standards of the banking business. Comment, C.C.C. § 3406. *See* Cooper v. Union Bank, 9 Cal.3d 371, 107 Cal.Rptr. 1, 507 P.2d 609 (1973).

Walker's peculations were undiscovered for more than six years. We will assume for the purposes of this appeal that in not detecting and stopping the embezzlement Hermetic was contributorily negligent.

Uncontradicted testimony at trial showed that Central Bank failed to comply with the reasonable commercial standards of the banking business, and the district judge found accordingly. That finding is supported by the evi-

* The Honorable Gus. J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

dence, and the conclusion that the bank could not assert the defense of contributory negligence is correct. *See* Gresham State Bank v. O and K Construction Co., 231 Or. 106, 370 P.2d 726, 372 P.2d 187 (1962).

Affirmed.