364 A.2d 1331

COMMONWEALTH of Pennsylvania

v.

NATIONAL BANK & TRUST COMPANY
OF CENTRAL PENNSYLVANIA,
Appellant.

Supreme Court of Pennsylvania.

Argued May 20, 1974.

Decided Oct. 8, 1976.

Richard H. Wix, Wix & Wenger, Harrisburg, for appellant.

Heath L. Allen, Metzger, Hafer, Keefer, Thomas & Wood, Harrisburg, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

The Commonwealth of Pennsylvania (Commonwealth) instituted this assumpsit action to recover the sum of $21,138.07 with interest from the National Bank and Trust Company of Central Pennsylvania (National), which had accepted 136 checks drawn by the Commonwealth with the names of the payees fraudulently endorsed. The checks were those which the Department of Transportation (formerly the Department of Highways) delivered to its various district and county offices in the Commonwealth for distribution to named payees. For numerous reasons such as death of payee, error in amount, etc., certain checks were occasionally returned to the Department office in Harrisburg. A clerk placed these checks in an unlocked drawer and once a week they were returned to the Treasury Department. Over a period of 14 months, a supervisor in the payroll department stole these checks from the unlocked drawer, forged the names of the payees on the back, and cashed them at National. National then collected the amount of the checks from the respective drawee banks which, in turn, debited the Commonwealth's accounts. Subsequently, the Commonwealth secured assignments from the drawee banks and instituted this action to recover its loss.

A jury trial resulted in a verdict for National. The Commonwealth filed post-trial motions for Judgment n. o. v. and for a new trial. National also filed a motion for Judgment n. o. v., apparently to preserve its exception to the trial court's dismissal of its preliminary objections. After argument, the lower court granted the Commonwealth's motion for a new trial, concluding that it had erroneously charged the jury as to the degree of negligence on the part of the Commonwealth that it must find before relieving defendant-bank of liability. National timely appealed the grant of a new trial, and the

Commonwealth Court affirmed.[1] This Court accepted allocatur to resolve the questions of statutory interpretation raised by this controversy.

The issue before us concerns the degree of negligence which a defending bank must prove in order to deny recovery to a drawer under Section 3–406 of the Uniform Commercial Code.[2] That section provides:

> Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith or in accordance with the reasonable commercial standards of the drawee's or payor's business. 12A P.S. § 3–406.

This section establishes no liability, but rather creates a conditional estoppel which shields a bank from liability where a drawer's negligence "substantially contributes" to an alteration or forgery. *Hermetic Refrigeration Co., Inc. v. Central Valley National Bank,* 493 F.2d 476 (9th Cir. 1974).

Prior to the passage of the Code, Pennsylvania law denied recovery to a drawer only where his negligence "directly and proximately" affected the conduct of the bank in the performance of its duties. *Land Title Bank and Trust Company v. Cheltenham National Bank,* 362 Pa. 30, 66 A.2d 768 (1949). In affirming the trial court's grant of a new trial, the Commonwealth Court concluded

1. *Commonwealth of Pennsylvania v. National Bank & Trust Company of Central Pennsylvania,* 9 Pa.Cmwlth. 358, 305 A.2d 769 (1973).

2. National also contended that the lower court erred in refusing to grant its request for dismissal of the complaint, arguing that the Commonwealth cannot proceed directly against National, but must maintain its action against the drawee banks. However, in light of our disposition of the case, we express no opinion on this issue.

that the legislature's enactment of Section 3–406 changed existing law regarding the degree of negligence requisite to prevent the drawer of a check from recovering against a bank, holding that ". . . a finding of more than ordinary negligence is necessary under the language of § 3–406 before that section operates to preclude recovery on a forged endorsement." 9 Pa.Cmwlth. at 362, 305 A. 2d at 772. In reaching its decision, the court placed heavy reliance on the Superior Court's decision in *Thompson Maple Products, Inc. v. Citizens National Bank*, 211 Pa.Super. 42, 234 A.2d 32 (1967). In *Thompson, supra,* the Superior Court stated:

"Had the legislature intended simply to continue the strict estoppel doctrine of the pre-Code cases, it could have employed the term 'precluded,' without qualification, as in § 23 of the old Negotiable Instruments Law, 56 P.S. § 28 (repealed). However, it chose to modify that doctrine in § 3–406, by specifying that negligence which *'substantially contributes to . . . the making of an unauthorized signature . . . .'* will preclude the drawer from asserting a forgery. [emphasis supplied]. The Code has thus abandoned the language of the older cases (negligence which 'directly and proximately affects the bank in passing the forgery') and shortened the chain of causation which the defendant bank must establish." 211 Pa.Super. at 47, 234 A.2d at 34 (footnote omitted).

A careful reading of the opinion in *Thompson, supra,* clearly reveals that the court there did not interpret Section 3–406 as altering the pre-Code standard concerning the degree of negligence.[3] Rather, it states the proposition that the Code "shortened the chain of causation which the defendant bank must establish" in order to de-

3. The *Thompson* court specifically noted:
   "[N]o attempt is made," according to the Official Comment to § 3–406, "to specify what is negligence, and the question is one for the court or the jury on the facts of the particular case." 211 Pa.Super. at 47, 234 A.2d at 34.

fend on the basis of that section. Briefly restated, *Thompson* posits that Section 3–406 lessened the burden on a defending bank in showing a drawer's negligence. Under this formulation, the substantial contribution standard would include negligent conduct of a drawer which might previously have been considered too remote in the chain of causation to constitute "proximate cause".

Accepting arguendo the legitimacy of the holding in *Thompson*,[4] it is difficult to perceive that the trial court and the majority of the Commonwealth Court construed this result to be supportive of their view. Under the *Thompson* reasoning, the word "substantially" was construed to modify the word "contributes". Such a construction is obviously at variance with the view now being espoused by the trial court and the majority of the Commonwealth Court which would have the word "substantially" modify the word "negligence."

More importantly, the express language of the Code itself compels the conclusion that the degree of negligence under Section 3–406 remains unchanged. The adjective "substantially" unquestionably modifies the word "contributes", not the word "negligence". The plain meaning of these words has been recognized by the

4. The weight of the authority suggests that the *Thompson* rationale should be rejected and that Section 3–406 in fact did not bring about a change in the pre-Code law regarding the drawer's negligence. The more persuasive reasoning has been set forth in a decision of the Court of Appeals for the Eighth Circuit in *Bagby v. Merrill Lynch, Pierce, Fenner & Smith,* 491 F.2d 192 (8th Cir. 1974), which rejected the *Thompson* "shortened chain of causation" test.

"While no attempt is made in Section 3–406 to specify what is negligence, the court's holding that the plaintiff's conduct over the course of years fitted the 'substantially contributed' negligence test of that section appears to be beyond the boundaries implied by the Official Comment to Section 3–406. It is submitted that the draftees of the Code intended to continue the narrow doctrine of pre-code estoppel rather than to broaden the scope of contributory negligence beyond the passing of the forgery as the court did in [*Thompson*]." 491 F.2d at 197, *quoting from* 6 Willier & Hart, U.C.C. Reporter Digest, § 3–406 A3 at 2964 (1973).

courts of other states as well. In *Gast v. American Casualty Company of Reading, Pennsylvania,* 99 N.J.Super. 538, 240 A.2d 682, the New Jersey Superior Court stated:

"Plaintiffs' [assert] that the defendant must prove plaintiffs' negligence to a substantial degree, *i. e.,* more than ordinary negligence. The language of the statute cannot be read to support such an interpretation; it states plainly that it is the contribution to the forgery rather than the negligence that must be substantial." Id. at 543, 240 A.2d at 685.

In defining the appropriate standard of negligence, the Maryland Court of Appeals unequivocally stated "[i]t is no longer open to question that the term 'negligence', as used in § 3–406, means the failure to exercise ordinary care." *Dominion Construction, Inc. v. First National Bank of Maryland,* 271 Md. 154, 315 A.2d 69 (1974). Moreover, the Maryland Court, citing the Commonwealth Court's opinion below, went on to say:

"We decline to follow that isolated decision which departs from the weight of authority. The sounder view is reflected by the well-reasoned dissenting opinion in that case." 271 Md. at 161, 315 A.2d at 73.

While it is a truism that decisions of sister states are not binding precedent on this Court, they may be persuasive authority, *Ward's Appeal,* 289 Pa. 458, 137 A. 630 (1927); *Penn-Lehigh Corp. Appeal,* 191 Pa.Super. 649, 159 A.2d 56 (1960), and are entitled to even greater deference where consistency and uniformity of application are essential elements of a comprehensive statutory scheme like that contemplated by the Uniform Commercial Code. *Needle v. Lasco Industries, Inc.,* 10 Cal.App. 3d 1105, 89 Cal.Rptr. 593 (1970).

In light of these considerations and the clear weight of authority, we hold that the trial court's charge to the jury was in no way prejudicial to the Common-

wealth. Since we have found that Section 3–406 did not alter the pre-Code concept of ordinary negligence precluding a drawer's recovery from a bank paying on a forged endorsement, the trial court correctly charged the jury. This being so, the trial court abused its discretion in granting the order for a new trial.

Order of the Commonwealth Court is reversed and the matter is remanded to the trial court for proceedings consistent herewith.