## Bittner v. Janney Montgomery Scott, Inc.

*James V. Senape, Jr.*, for plaintiff.
*Pasco L. Schiavo* and *William B. Carr*, for defendant.
*George A. Spohrer, Robert N. Opel, II*, and *Peter J. Hoegen*, for additional defendants.

BROMINSKI, *P.J.*, December 12, 1980—This matter comes before the court upon the preliminary objections of additional defendant, First Valley Bank, and of additional defendant, First Federal Savings and Loan Association of Hazleton, to the complaint against them of defendant, Janney Montgomery Scott, Inc.

Plaintiff, Robert Bittner, also known as Robert W. Bittner, originally commenced an action in assumpsit and trespass alleging that certain shares of stock and mutual fund certificates owned jointly by him and his wife, Josephine Bittner, were processed and sold by defendant, a stockbroker, without plaintiff's authorization; that the signatures endorsed on the securities purporting to be his were forgeries; and that he is entitled to recover from defendant one-half of the proceeds of such sale or $22,655.15.

Defendant then filed a complaint in assumpsit and trespass, joining as additional defendants Josephine Bittner, First Valley Bank and First Federal Savings and Loan Association of Hazleton. Counts I, II, III and IV of this complaint allege in essence that Mrs. Bittner misrepresented the authenticity of plaintiff's endorsement on the securities and that she converted the securities. Counts V and VI allege that a check dated August 20, 1976, in the amount of $9,621.52 and another check dated September 22, 1976 in the amount of $13,505.82, both made payable to Robert Bittner and Josephine Bittner, were wrongfully honored by First Valley because the signature endorsed thereon was a forgery. Alternatively, it is alleged that the bank is liable in conversion for paying these checks. Counts VII and VIII allege that a check dated November 12, 1976, in the amount of $22,026.29 payable to Robert Bittner and Josephine Bittner was wrongfully honored by First Federal because the signature endorsed thereon was a forgery. It is further alleged that the additional defendants are each liable solely to plaintiff, or liable over to defendant or jointly liable with defendant.

Josephine Bittner has filed an answer to defendant's complaint, while the other two additional defendants have filed preliminary objections.

First Valley's objections are in the nature of a demurrer and read as follows with regard to count V in assumpsit:

"1. The original Defendant, Janney., fails to state a good and valid cause of action against First Valley Bank in that in its Complaint it avers no relationship between the parties to support a cause of action in Assumpsit. If the original Defendant has stated a cause of action in its Complaint, the action

must be brought against Hazleton National Bank, which is not a party to the action.

2. Any cause of action which Janney may have had against First Valley Bank is precluded by the provisions of the applicable Statute of Limitations (12 A.P.S. Section 4-406)."

and with regard to Count VI in trespass as follows:

"3. Janney fails to state a good and valid cause of action against First Valley in that the Action for conversion is precluded by the applicable Statute of Limitations (42 Pa.C.S.A. Section 5524)."

First Federal's objections also are in the nature of a demurrer and read as follows:

"1. The Complaint fails to state a cause of action between the original Defendant, Janney Montgomery Scott, Inc. and the additional Defendant, First Federal Savings and Loan Association of Hazleton for the following reasons:

(a) Defendant, Janney Montgomery Scott, Inc., as drawer of the check has no cause of action against First Federal as depository bank.

(b) Defendant, Janney Montgomery Scott, Inc., as drawer, is not the proper party to bring this action and has no cause of action against First Federal as depository bank.

(c) Defendant, Janney Montgomery Scott, Inc., as Drawer, cannot invoke any warranties contained in section 4.207 of the Uniform Commercial Code against First Federal as depository or collecting bank.

(d) First Federal paid the check in good faith in accordance with reasonable commercial standards set forth in Section 3-406 of the Uniform Commercial Code.

(e) The cause of action, if any, on behalf of origi-

nal Defendant, Janney Montgomery Scott, Inc., as drawer of the check must be brought against Hazleton National Bank, the drawee bank, who paid the check of its customer, Janney Montgomery Scott, Inc.

(f) If First Federal Savings and Loan Association has breached any warranties of presentment, it has only breached those warranties to Hazleton National Bank, the party to whom First Federal presented the instrument for payment and not to original Defendant, Janney Montgomery Scott, Inc."

The issues raised by the foregoing demurrers are twofold: first, whether defendant, as the drawer or maker of the checks, may bring suit directly against a depository or collecting bank (the original bank to honor the check or one which negotiates it thereafter, but not finally) on a forged endorsement without suing the payor or drawee bank (the drawer's own bank which ultimately pays the check, in this case The Hazleton National Bank); and, second, whether defendant is barred by the statute of limitations by failing to make demand for repayment upon its payor bank within the applicable period.

A demurrer admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom for purposes of testing the legal sufficiency of a challenged pleading. The preliminary objections should be sustained only in cases which are clear and free from doubt: Duffee v. Judson, 251 Pa. Superior Ct. 406, 381 A. 2d 843 (1977).

Both First Valley and First Federal cite Com. v. National Bank & Trust Company of Central Pennsylvania, 9 Pa. Commonwealth Ct. 358, 305 A. 2d 769 (1973), in support of their contention that Jan-

ney cannot proceed directly against either one of them, but must do so against The Hazleton National Bank, claiming that that case, although it notes the jurisdictional split on the question, makes reference to decisions of the courts of other states which are favorable to their position. Clearly, the National Bank case is not controlling here, because there the Commonwealth Court was not required to resolve the precise issue with which we are concerned since the drawer in that case had an assignment of the payor bank's claim against the collecting bank. Furthermore, on a subsequent appeal, the Supreme Court, in Com. v. National Bank & Tr. Co. of Central Pa., 469 Pa. 191, fn.2, 364 A. 2d 1331 (1976), expressed no opinion on this issue.

In addition, First Federal relies on The Land Title and Trust Company v. Northwestern National Bank, 196 Pa. 230, 46 Atl. 420 (1900). However, that decision also is inapposite because, unlike the present matter, there the bank was not liable for payment of a check on a forged endorsement in an "imposter" situation, that is, one in which the person who committed the forgery and received the money was, in fact, the person to whom the drawer delivered the check *and whom it believed to be the payee named.* Here, the Josephine Bittner, to whom Janney delivered the checks, was, in fact, Josephine Bittner and not an imposter.

From the foregoing, it is apparent that the law does not clearly and undeniably support the respective positions of First Valley and First Federal. On the other hand, in Land Title Bank & Trust Company v. Cheltenham National Bank, 362 Pa. 30, 66 A. 2d 768 (1949), the court concluded that where a check is made payable to the order of a person named therein, the absolute duty of a bank honoring the check is to pay only to that payee or accord-

ing to his order, and no amount of care to avoid error will protect it from liability if it pays to a wrong person. It must ascertain and act upon the genuineness of the endorsement at its peril. Further, there is nothing irregular in entrusting a check to a person in order to deliver it to the payee in the absence of any good ground for belief that he would make fraudulent use of it. Moreover, negligence on the part of the drawer of a check does not preclude him from recovery from a bank which has cashed it on a forged endorsement unless the negligence is such as directly and proximately affects the conduct of the bank in the performance of its duties, as where the check is drawn in such manner that the payee's name may be altered easily, or where there are incomplete blanks, or where any such carelessness facilitates the commission of fraud. Therefore, we cannot conclude that Janney clearly and undoubtedly has no cause of action against either First Valley or First Federal.

Consequently, we find that the contention of First Valley and First Federal in this regard is not meritorious.

Next, First Valley argues that Janney is barred in its action by the statute of limitations. In this regard, First Valley cites the Uniform Commercial Code, 12A P.S. §§4-406(4) and (5), concerning a customer's duty to discover and report an unauthorized signature or alteration, in support of its demurrer to the assumpsit count, and 42 Pa.C.S.A. §5524 in support of its demurrer to the trespass counts for conversion.

Pa.R.C.P. 1017(b)(4) provides that preliminary objections in the nature of a demurrer may be raised which may include the bar of a non-waivable statute of limitations or frauds which bars or de-

stroys the right of action and the applicability of which appears on the face of the complaint or counterclaim.

Pa.R.C.P. 1030 provides in pertinent part as follows: "All affirmative defenses, including but not limited to . . . the defenses of statute of frauds and statute of limitations, shall be pleaded in a responsive pleading under the heading 'New Matter' . . ."

Thus, if the particular statute operates to bar or destroy the right of action, irrespective of the action of the answering party, such statute may be raised as a demurrer. However, if it merely gives the answering party a waivable defense, a cause of action will have been stated to which the answering party may, if he chooses, defend on the ground of the statute under which circumstances the statute must be asserted under new matter pursuant to Rule 1030. In disposing of questions of law raised in a demurrer, the issues must be resolved by the court on the basis of the pleadings alone: Duffee v. Judson, supra.

Are the statutes raised by First Valley waivable or not? In the alternative, are they even applicable in the present circumstances?

The subsections of section 4-406 of the Uniform Commercial Code raised by First Valley in its demurrer read as follows:

"(4) Without regard to care or lack of care of either the customer or the bank a customer who does not within one year from the time the statement and items are made available to the customer (subsection (1)) discover and report his unauthorized signature or any alteration on the face or back of the item or does not within 3 years from that time discover and report any unauthorized endorsement

is precluded from asserting against the bank such unauthorized signature or indorsement or such alteration.

"(5) If under this section a payor bank has a valid defense against a claim of a customer upon or resulting from payment of an item and waives or fails upon request to assert the defense the bank may not assert against any collecting bank or other prior party presenting or transferring the item a claim based upon the unauthorized signature or alteration giving rise to the customer's claim."

First Valley argues that any right Janney may have against it arises through The Hazleton National Bank under a theory of quasi-contract or subrogation, and that under section 4-406(4), such action is barred by the three-year statute of limitation. It further contends that even if The Hazleton National Bank has waived its defense thereunder, any action against it is precluded by section 4-406(5). Such argument might be plausible if the precise issue before us, to wit, whether a drawer may bring suit directly against a collecting bank, were covered in the code. It is not. Obviously, the "bank" referred to throughout the above-quoted section is the drawer's own bank which ultimately pays the check; in other words, the payor or drawee bank. And, the relationship described in section 4-406(4) is between the drawer and his drawee or payor bank and not between drawer and a depository or collecting bank. Under section 4-406(5), it is the payor bank, not the drawer, who is barred from asserting a valid defense against a collecting bank to a claim arising from payment of a check. In short, the code provides neither a rule which governs the specific issue before us, nor a non-waivable statute which bars the drawer from bringing suit directly against the collecting bank. In short, we view nothing

within these sections of the code relied upon by First Valley, nor are we aware of any other section of the code, which establishes a non-waivable statute of limitation precluding Janney's action.

Neither in its brief nor at oral argument has First Valley pursued its objection that the trespass count in conversion against it is barred by 42 Pa.C.S.A. §5524 and, therefore, this is deemed to have been abandoned.

In essence, what we have decided is that no non-waivable statute of limitations has been asserted which bars or destroys Janney's right of action and which may be resolved through the mechanism of Rule 1017(b) on a demurrer. For this reason, First Valley's objection is untenable. This, however, is not to say that a defense based upon the ground of an appropriate waivable statute may not be raised in a responsive pleading under the heading "New Matter" pursuant to Pa.R.C.P. 1030.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed as follows:

1. That First Valley Bank's preliminary objections in the nature of a demurrer to the complaint of Janney Montgomery Scott, Inc. are overruled; and

2. That First Federal Savings and Loan Association of Hazleton's preliminary objections in the nature of a demurrer to the complaint of Janney Montgomery Scott, Inc., are overruled.

Both First Valley Bank and First Federal Savings and Loan Association of Hazleton are hereby granted 30 days from the date of this order within which to file an appropriate pleading to the complaint against them.