## Seidle Sand & Gravel, Inc. v. Northwest Bank

*Bernard Goldstone,* for plaintiff and additional defendants.

*James A. Stranahan, III, James Foster,* for defendant.

FORNELLI, *J.,* June 6, 1984—Plaintiff Seidle Sand & Gravel, Inc. filed a complaint in assumpsit against defendant Northwest Bank under section 3404[1] of the Uniform Commercial Code (U.C.C.). The complaint alleges that plaintiff's bookkeeper, Doris J. Chapin, forged numerous checks with the signature of Howard W. Chapin, an employee of plaintiff corporation who was authorized to sign checks. The complaint alleges further that plaintiff has a corporate bank account at defendant bank and the bank wrongfully paid the forged instruments.

---

1. Act of Nov. 1, 1979, Pub. L. 255, §1 (13 Pa. C.S. 3404 (Purdons 1983 Pamphlet)). This section renders unauthorized signatures "wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it . . . . " See also id. §3401(a) which provides: "No person is liable on an instrument unless his signature appears thereon." Furthermore, a bank may only honor items "properly payable." Id. §4401(1).

Defendant bank subsequently joined Mrs. Chapin as an additional defendant as well as the officers of plaintiff corporation, Clifford Seidle, Donald E. Seidle and George E. Donald, pursuant to Pa.R.C.P. Rule 2252(a). Defendant bank alleges in its complaint against additional defendants that the corporate officers were negligent in hiring Mrs. Chapin, since they knew she was a previously convicted embezzler, and in failing to supervise and audit her work. Defendant bank asserts also that the corporate officers were negligent in failing to inspect the bank statements, checks and ledgers of plaintiff corporation.

This case is before us now on the corporate officers' preliminary objections in the nature of a demurrer to their joinder as additional defendants.[2] Their preliminary objections are proper and will be sustained. Defendant's allegations in its complaint to join these officers, if proven, constitute affirmative defenses to be raised under the U.C.C. to plaintiff's complaint. They do not set forth a primary, secondary or a sole liability, nor a joint liability or a liability over of the corporate officers either on the cause of action declared upon by plaintiff or for any cause of action which defendant bank may have against them stemming from the transactions plaintiff complains of here.

Joinder of additional defendants is governed by Pa.R.C.P. 2252 which provides in pertinent part as follows:

"(a) In any action the defendant . . . may, as the joining party, join as an additional defendant any

---

2. The joinder of Mrs. Chapin is proper and has not been challenged. A forger is primarily liable on the forged instruments because the unauthorized signature operates as the forger's own signature by operation of law. Id. §3404(a).

person . . . who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based."

Rule 2252(a) thus establishes two bases upon which a person may be joined as an additional defendant: The first basis is grounded on the "cause of action declared upon by the plaintiff." Joinder is proper then only if, viewed through plaintiff's cause of action, the joined party can be solely liable to the plaintiff, liable over or jointly or severally liable on it to the joining party. The crux of this basis is that "the original defendant's complaint against the additional defendant must be related in substance to the complaint pled by the plaintiff and arise out of the same factual background." Schladensky v. Ellis, 442 Pa. 471, 475, 275 A.2d 663, 665 (1971).

A party may be joined under Rule 2252(a) on the theory of joint and several liability if the original defendant alleges conduct which would generate such joint or several liability. In Galdo v. First Pennsylvania Bank, 250 Pa. Super. 385, 378 A.2d 990 (1977) and Harker v. Farmers Trust Co., 248 Pa. Super. 427, 375 A.2d 171 (1977), the Superior Court permitted joinder of corporate officers because they were integrally involved in the factual and legal theories presented in plaintiffs' cause of action. Plaintiffs' causes of action in those cases were based on the fiduciary duties of a trustee of corporate debentures and a trustee in bankruptcy, respectively. The complaints against the additional defendant corporate officers were likewise grounded on these

same fiduciary duties which formed the basis of plaintiff's cause of action.

These cases are distinguishable from the case at bar because plaintiff's cause of action is based on legal and factual issues entirely different from the events complained of in defendant's complaint joining the corporate officers as additional defendants.

The only case factually analogous to the case at bar is Yardis Corp. v. First Pennsylvania Bank, 20 D.&C. 3d 679 (1980). In Yardis, the joinder of an outside accounting firm hired by plaintiff corporation was deemed inappropriate. Plaintiff corporation sued defendant bank under the U.C.C. for conversion of checks paid over a forged corporation endorsement. Defendant bank's joinder of the accounting firm was deemed improper because the joinder was based on the additional defendant's alleged duty to devise and monitor plaintiff's bookkeeping system, a duty different from the U.C.C. duties imposed upon the bank. Since additional defendants could not be held liable solely to plaintiff or jointly or severally liable to original defendant on plaintiff's U.C.C. cause of action, joinder of the outside accounting firm was held improper. While Yardis did not decide the issue, this same rationale would preclude joinder on the premises that additional defendants would be "liable over" to the original defendant on plaintiff's cause of action.

Plaintiff corporation's cause of action here is based on its relationship with defendant bank as a customer and drawer which is governed by the U.C.C. Plaintiff's entire theory of liability is founded on those legal rights and duties flowing between defendant bank and plaintiff corporation in several commercial paper transactions under the U.C.C. It is not based on any fiduciary duties owing to the corporation by its own officers as relied upon by de-

fendant in its complaint to join the corporate officers.

While plaintiff may indeed have a cause of action against its officers for a breach of corporate duties, defendant bank may not assert it for plaintiff nor may it rely upon it as a basis for joinder where plaintiff's cause of action is founded on a distinct and unrelated legal theory. See Yardis, at 682-83.

An analysis of the two bases upon which joinder is permitted under Pa.R.C.P. 2252(a) clarifies the impropriety of the proposed joinder of these additional defendants. Nowhere has defendant set forth a liability joint, several, sole, secondary or otherwise of the corporate officers on plaintiff's U.C.C. cause of action declared upon. Thus, the first basis for joinder under the rule is not met. Nor has defendant set forth a liability of these corporate officers to defendant bank that arises out of the transactions that give rise to plaintiff's U.C.C. cause of action. Thus, neither is the second basis for joinder under the rule met.

Nowhere does the U.C.C. impose liability of any type on the corporate officers of a corporate drawer to either a drawer or a payor bank. The U.C.C. does, however, permit a payor bank to assert the drawer's pre- and post-forgery negligence as affirmative defenses to an action to recover for the wrongful payment of items not properly payable. 13 Pa.C.S. §§3406, 4406, 3404. These defenses, if established, can preclude or estop plaintiff corporation from denying an unauthorized signature and thereby relieve the bank of liability.

Thus, defendant bank's reliance on the additional defendant corporation officers' duty to its own plaintiff corporation cannot be a basis for joinder under

the first or second basis for joinder under Rule 2252(a).

The second basis for joinder under Rule 2252(a) does not depend upon the cause of action declared upon by plaintiff. Instead, an original defendant may join anyone who may be liable to him or jointly or severally liable with him on any cause of action he has against the joined party if it arises out of the same transaction or occurrence upon which plaintiff's cause of action is based. Stokes v. Loyal Order of Moose Lodge No. 696, 502 Pa. 460, 466 A.2d 1341 (1983). Defendant bank joined plaintiff's corporate officers here alleging that their negligent hiring and supervising of plaintiff's bookkeeper makes them liable to defendant bank or jointly or severally liable with them. However, there is no legal basis to support such a claim.

The corporate officers did not have a contractual relationship with the bank upon which to base liability, nor did they owe any duty to the bank to use ordinary care in performing their corporate duties. Defendant bank cannot stand in the shoes of the corporation and assert the corporate officers' duties owed to plaintiff corporation as a basis for liability or joinder. Cf. Yardis, at 686-87. A ruling to the contrary would be tantamount to creating a new cause of action and new legal duties heretofore nonexistent.

If the corporation wishes to assert any cause of action it has against its officers, it, not the bank, must assert it. The bank's rights arising out of the corporate officer's alleged pre-forgery negligence, i.e. that the corporate officers were negligent in hiring a known embezzler and in failing to supervise her bookkeeping activities, exist only in its ability to assert it as an affirmative defense under section

3406.[3] Likewise, the bank's allegations of post-forgery negligence, i.e. the corporate officers' failure to inspect plaintiff corporation's bank statements, cancelled checks and ledgers, must be asserted as an affirmative defense under section 4406.[4]

## ORDER

And now, this June 6, 1984, the additional corporate officer defendants' preliminary objection in the nature of a demurrer to their joinder is sustained.

---

3. Section 3406 also requires defendant bank to show that it acted in good faith and in accordance with reasonable commercial standards. Thus, the bank cannot prevail under the preclusion rule of 3406 unless it exercised ordinary care in paying on a forged instrument. See, e.g., Jacoby Transports Systems, Inc. v. Continental Bank, 277 Pa. Super. 440, 419 A.2d 1227 (1980); Thompson Maple Prod., Inc. v. Citizen's Nat'l Bank, 211 Pa. Super. 42, 234 A.2d 32 (1967); East Gadsden Bank v. First City Nat'l Bank of Gadsden, 50 Ala. App. 576, 281 So.2d 431 (1973); Commercial Credit Equip. Corp. v. First Alabama Bank of Montgomery, 636 F.2d 1051 (5th Cir. 1981); see generally Annot., 67 A.L.R.3d 144 (1975).

4. The 4406 defense will preclude plaintiff from denying the unauthorized signature unless "the customer establishes lack of ordinary care on the part of the bank in paying the item." 13 Pa. C.S. §4406(c); comment 4 following 12 P.S.A. §4406 (Purdons 1970). See, e.g., Commonwealth v. National Bank & Trust Co. of Central Pa., 469 Pa. 188, 364 A.2d 1331 (1976); Hardex-Steubenville Corp. v. Western Pa. Nat'l Bank, 446 Pa. 446, 285 A.2d 874 (1971); Bittner v. Janney Montgomery Scott, Inc., 19 D.&C. 3d 268 (1980).