**Dolores B. DONDORE, et al.,**

v.

**NGK METALS CORP., et al.**

**Yvonne G. Conrad, et al.,**

v.

**NGK Metals Corp., et al.**

**Nos. CIV.A. 00–1966, CIV.A. 00–2441.**

United States District Court,
E.D. Pennsylvania.

April 9, 2001.

Ruben Honik, Greitzer & Honik, Philadelphia, PA, for plaintiffs.

Thomas C. DeLorenzo, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for NGK Metals Corp.

Walter M. Einhorn, Jr., Ballard, Spahr, Andrews, and Ingersoll, Philadelphia, PA, for Cabot Corporation.

### MEMORANDUM

BARTLE, District Judge.

We are faced with an issue of professional conduct. May a defense attorney interview potential witnesses in an individual personal injury action when the potential witnesses are also putative class members in a state court action involving the

same alleged tortious conduct and when the interviews are to be conducted without the consent of the attorney who initiated the state class action?

Plaintiffs, Dolores Dondore and Yvonne Conrad, are residents of Berks County, Pennsylvania. From 1936 until 2000, defendants NGK Metals Corporation, Cabot Corporation ("Cabot"), Kawecki Chemicals, Inc. and their predecessors maintained and operated a beryllium metal manufacturing facility in the Reading area near plaintiffs' homes.[1] In these diversity actions for damages, plaintiffs allege that they suffer from chronic beryllium disease as a result of defendants' negligent emission of beryllium dust, fumes, and particulate matter. The parties are now in the midst of discovery, and counsel for defendant Cabot has filed a motion "to confirm right to engage in informal discovery."[2] Specifically, Cabot's attorney wants to be able to speak informally to plaintiffs' neighbors about their knowledge of plaintiffs' exposure to beryllium.

In addition to the individual tort actions filed in this court, counsel to Mrs. Conrad and Mrs. Dondore have also initiated a class action lawsuit with other named plaintiffs against NGK Metals Corporation and Cabot in the Court of Common Pleas of Philadelphia County. The named plaintiffs in that action, on behalf of themselves and the potential class members, seek the establishment of a medical monitoring services fund to test and screen for conditions that may result from exposure to airborne beryllium. While defendants had removed that proposed class action to this court, we remanded it pursuant to 28 U.S.C. § 1447(c) on the ground that none of the claims of the putative individual class members exceeded $75,000 exclusive of interest and costs. *Pohl v. NGK Metals Corp.*, 117 F.Supp.2d 474, 478 (E.D.Pa. 2000). According to the second amended complaint, the putative class members include "[a]ll residents who have ever resided within a six (6) mile radius of the Reading plant for at least six (6) continuous months during the period between 1950 and 1989 inclusive" and "[a]ll residents who have ever resided within a six (6) mile radius of the Reading plant for at least six (6) continuous months during the period between 1980 and 1989 inclusive." We have been advised that the state court has not yet decided the issue of class certification.

During discovery in the individual federal cases, plaintiffs have identified and listed as potential witnesses over ninety-six neighbors and relatives with knowledge of plaintiffs' illnesses, their exposure to beryllium, and other relevant facts. Counsel for Cabot attempted to interview three of these individuals. When plaintiffs' counsel, who is also counsel in the state court action, became aware of these contacts, he filed an emergency motion for protective order in the state court. In response, Cabot's attorney filed the instant motion in this court to confirm his right to interview *potential witnesses* about information related to the federal suits. As of this time, the state court motion is still pending.

■ The current dispute requires this court to interpret and apply Rule 4.2 of the Pennsylvania Rules of Professional Con-

---

1. The plant was opened in 1936 by the Beryllium Corporation. In 1968, defendant Kawecki Chemicals merged with the Beryllium Corp. to form Kawecki–Berylco Industries, Inc. This new company was acquired by Cabot in 1978. Defendant NGK Metals Cor-

poration bought the facility in 1986 and ceased operations there in April, 2000.

2. We have consolidated these two actions for purposes of discovery.

duct. The rule, which has been adopted by this court, provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

Pa. Rules Prof'l Conduct R. 4.2; E.D. Pa. R. Civ. P. 83.6, R. IV.

The application of Rule 4.2 to the circumstances now confronting this court poses three questions. First, are the potential witnesses whom defense counsel seeks to interview "represented by another lawyer" in the state class action? If they are, is the representation "in the matter" about which defense counsel desires information, that is, are the federal tort actions part of the same matter as the state action? Finally, does Cabot's lawyer seek to "communicate about the subject of the representation," or is the proposed interview about separate and independent issues?

The parties agree that the state action and the individual federal cases concern the same matter—exposure to beryllium emanating from the defendants' metals plant near Reading. In addition, while Cabot contends that it seeks only to interview potential witnesses about issues unrelated to the state court action, there is simply no practical way to accomplish this feat. The proposed communications will necessarily address issues that "overlap" between the federal and state cases. Whatever the potential witnesses might say about their knowledge of the health and beryllium exposure of Mrs. Conrad and Mrs. Dondore will necessarily include the witnesses' knowledge about their own exposure to beryllium with significant ramifications for the defendants' statute of limitations defense in both the state and federal actions.

■ We therefore turn to the question whether the persons identified as potential fact witnesses in the individual federal lawsuits are represented by the lawyer for the named plaintiffs in the state court action by virtue of their status as putative class members. In the federal context, the Supreme Court has stated that a class action is "a truly representative suit" and that "class action representation" belongs to all parties, even "asserted class members who were unaware of the proceedings brought in their interest." *Am. Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 551–52, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Furthermore, putative class members stand at least in a fiduciary relationship with class counsel. *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 822 (3d Cir.1995).

■ The mere initiation of a class action extends certain protections to potential class members, who have been characterized by the Supreme Court as "passive beneficiaries of the action brought in their behalf." They have no "duty to take note of the suit or to exercise any responsibility with respect to it in order to profit from the eventual outcome" until the issue of class certification has been determined. *Am. Pipe & Constr. Co.,* 414 U.S. at 552, 94 S.Ct. 756. For example, the filing of a class action tolls the statute of limitations even for those who were unaware of the action and did not rely on it in refraining from filing their own motions for individual intervention or joinder. *Id.* at 551, 94 S.Ct. 756. Protecting the interests of putative class members in this manner is necessary to meet the goal of a class action lawsuit—to "provide[ ] a fair and efficient method for adjudication of the controversy." *Id.* (quoting Fed.R.Civ.P. 23(b)(3)).

Under Pennsylvania law, putative class members are "properly characterized as parties to the action." *Bell v. Beneficial Consumer Disc. Co.*, 465 Pa. 225, 348 A.2d 734, 736 (1975). *See Alessandro v. State Farm Mut. Auto. Ins. Co.*, 487 Pa. 274, 409 A.2d 347, 350 n. 9 (1979). Thus, during the interim between the filing of the action and the certification of the class, "unnamed class members do have certain interests in the lawsuit. They may challenge the adequacy of representation by the plaintiff; in some circumstances, they may have a right to be informed of, or to be included in, a settlement; and, perhaps most importantly, the statute of limitations may be tolled during the period." *Miller v. Federal Kemper Ins. Co.*, 352 Pa.Super. 581, 508 A.2d 1222, 1228 (1986) (quoting *In re Fine Paper Litig. State of Wash.*, 632 F.2d 1081, 1087 (3d Cir.1980)). *See Bell*, 348 A.2d at 736; Pa. R. Civ. P. 1701 explanatory note.

The "truly representative" nature of a class action suit affords its putative members certain rights and protections including, we believe, the protections contained in Rule 4.2 of the Rules of Professional Conduct. *Am. Pipe & Constr. Co.*, 414 U.S. at 551, 94 S.Ct. 756. "The purpose of Rule 4.2 is to prevent lawyers from taking advantage of uncounselled lay persons and to preserve the efficacy and sanctity of the lawyer-client relationship." *Carter-Herman v. City of Phila.*, 897 F.Supp. 899, 901 (E.D.Pa.1995) (citing G.C. Hazard, Jr. & W.W. Hodes, *The Law of Lawyering* 730 (2d ed.1990); C.W. Wolfram, *Modern Legal Ethics* § 11.6 at 612–13 (1986)). As a practical matter, a court cannot decide the issue of class certification immediately upon the filing of the complaint. Discovery is often required and the preparation and study of briefs is necessary. Thus, certain benefits must be afforded the putative class members in the interim. As the tolling of the statute of limitations is need-ed to further the salutary purposes of class actions, restraints are likewise needed against communications with putative class members until the issue of class certification can be determined. If defense counsel or counsel otherwise adverse to their interests is allowed to interview and take statements from often unsophisticated putative class members without the approval of counsel who initiated the action, the benefits of class action litigation could be seriously undermined. If Cabot's position were correct, putative class members could hardly be described as even "passive beneficiaries" of an asserted class action. *See Am. Pipe & Constr. Co.*, 414 U.S. at 552, 94 S.Ct. 756.

Our conclusion, of course, does not prevent Cabot from obtaining whatever information the potential witnesses may possess in connection with the individual cases before this court. Cabot is free to subpoena and depose these individuals to the extent permitted under the federal discovery rules. In addition, the limitation on Cabot would not be applicable in the event that the state court should decide not to certify a class and the potential witnesses are not otherwise individually represented.

Accordingly, we will deny Cabot's motion to confirm its right to engage in informal discovery. Rule 4.2 of the Rules of Professional Conduct prohibits defense counsel from contacting or interviewing potential witnesses who are putative class members in *Pohl v. NGK Metals Corp.*, July Term, 2000, No. 733 (Ct.Com.Pl.Phila.County), without the consent of counsel for the named plaintiffs in that action.

### ORDER

AND NOW, this day of April, 2001, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendant Cabot Corpo-

ration to confirm right to engage in informal discovery is DENIED.