Casey PARKS, et al. Plaintiffs,

v.

EASTWOOD INSURANCE SERVICES, INC., et al., Defendants.

No. SA CV 02–507–GLT.

United States District Court, C.D. California. Southern Division.

Dec. 3, 2002.

Aashish Y Desai, Jon R. Mower, Mower & Carreon Irvine, CA, Don D Sessions, Stephen C. Kimball, Don D. Sessions Law Offices, Mission Viejo, CA, for plaintiffs.

Robert W Thompson, Callahan McCune & Willis, Tustin, CA, for defendant.

## DENIAL OF APPLICATION TO PREVENT DEFENSE COMMUNICATIONS

TAYLOR, District Judge.

On apparent first impression, the Court holds that, in a representative action for unpaid wages or overtime under the Fair Labor Standards Act, 29 U.S.C. § 216(b), a defendant employer may communicate with prospective plaintiff employees who have not yet "opted in," unless the communication undermines or contradicts the Court's own notice to prospective plaintiffs.

### I. BACKGROUND

The named Plaintiffs sued their employer for unpaid overtime wages under the Fair Labor Standards Act. They moved under 29 U.S.C. § 216(b) to designate the

case as a representative action and to give a Court-authorized notice to prospective plaintiffs. The Court granted the motion and ordered an appropriate notice.

Before the Court's notice was sent, Defendant sent to its prospective plaintiff sales agent employees an internal memorandum about the case. In particular, Defendant advised employees they could contact Defendant's general counsel to answer any questions they might have. The memo is attached as an Appendix.

Plaintiffs filed an application to stop Defendant from communicating with prospective plaintiffs, and to make Defendant pay for a corrective notice.

## II. *DISCUSSION*

■ The restrictions on defendant communication with class action or representative action plaintiffs arise from the existence of an attorney-client relationship. A lawyer is forbidden from communicating with a party the lawyer knows to be represented by counsel, regarding the subject of the representation, without counsel's consent. Rules of Professional Conduct of the California State Bar, Rule 2–100; ABA Model Rules of Professional Conduct, Rule 4.2. This "anti-contact" rule is designed to prevent overreaching of laypersons by attorneys representing adverse parties. Vincent R. Johnson, *The Ethics of Communicating with Putative Class Members*, 17 REV. LITIG. 497, 511 (1998). Once an attorney-client relationship is established, the attorney serves as a shield protecting the client.

In a class action certified under Rule 23, Federal Rules of Civil Procedure, absent class members are considered represented by class counsel unless they choose to "opt out." *See Kleiner v. First National Bank of Atlanta,* 751 F.2d 1193, 1207 n. 28 (11th Cir.1985)(citing *Van Gemert v. Boeing Co.,* 590 F.2d 433, 440 n. 15 (2nd Cir.1978), *aff'd,* 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980)). Defendants' attorneys are subject to the "anti-contact" rule, and must "refrain from discussing the litigation with members of the class as of the date of class certification." *Id.*

The situation is different in a § 216(b) representative action for unpaid wages or overtime. Section 216(b) provides, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party..." Until they "opt-in," prospective § 216(b) plaintiffs are not yet parties to the action, they have no attorney, and no attorney-client relation is yet in issue. The Court's authorization to give notice in a § 216(b) case does not create a class of represented plaintiffs as it does in a Rule 23 class action.

For purposes of defense communication with § 216(b) prospective plaintiffs, the situation is analogous to a *pre-certification* Rule 23 class action, when the prospective plaintiffs are still unrepresented parties. The main difference in such a comparison is that, after the Court authorizes a notice in a § 216(b) case, the Court has an interest that no defense communication undermine or contradict the Court's own notice. However, in other respects, the defense communication allowed in a § 216(b) representative action during the period before a prospective plaintiff "opts in" should be the same as in a Rule 23 class action before certification and creation of a represented class.[1]

---

1. In opposition, Plaintiff cites *Resnick v. American Dental Association,* 95 F.R.D. 372 (N.D.Ill.1982), an employment discrimination case under 29 U.S.C. § 216(b). Although not disclosed in the opinion, examination of the complaint shows it was a representative ac- tion rather than a Rule 23 class action. *Resnick* held that, once there is certification, the defendant cannot have ex parte communications with potential class members. *Resnick* at 376–377. *Resnick* is of little persuasive

In a Rule 23 class action, pre-certification communication from the defense to prospective plaintiffs is generally permitted. The law is not settled on this issue, but the majority view seems to be against a ban on pre-certification communication between Defendant and potential class members.

The Second Circuit, state and federal district courts in California, and a leading treatise conclude Rule 23 pre-certification communication is permissible because no attorney-client relationship yet exists. *Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l, Inc.*, 455 F.2d 770, 773 (2nd Cir.1972)(rejecting argument that "once a plaintiff brought suit on behalf of a class, the court may never permit communications between the defendant and other members"); *Babbitt v. Albertson's Inc.*, 1993 WL 128089 (N.D.Cal.1993) (finding "putative class members in the instant action were not represented by class counsel"); *Atari v. Superior Ct. of Santa Clara County*, 166 Cal.App.3d 867, 212 Cal.Rptr. 773, 775 (1985)("Absent a showing of actual or threatened abuse, both sides should be permitted to investigate the case fully"); Manual for Complex Litigation (Third) § 30.24 (1995) ("Defendants ordinarily are not precluded from communications with putative class members, including discussions of settlement offers with individual class members before certification").

Although many of the cases involve an advance application to the Court to approve a defendant's communication, there appears to be no basis for restricting communications to those having advance court approval. In fact, the Supreme Court has held parties or their counsel should not be required to obtain prior judicial approval before communicating in a pre-certification class action, except as needed to prevent serious misconduct. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 94–95, 101–102, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). An order restricting pre-certification communications must be based on "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties," or run the risk of imposing an unconstitutional prior restraint on speech. *Id.* at 101, 101 S.Ct. 2193.

Plaintiffs' best authority for prohibiting Rule 23 pre-certification communication is *Dondore v. NGK Metals Corp.*, 152 F.Supp.2d 662, 665 (E.D.Pa.2001), holding the "mere initiation of a class action" prohibits defense counsel from contacting or interviewing potential class members. The *Dondore* court reasoned putative members of a class action are passive beneficiaries because they do not have to do anything to benefit from the suit. This logic is not applicable in a representative action where potential plaintiffs must affirmatively opt-in to benefit from the suit. In any event, the weight of authority seems unwilling to adopt the *Dondore* view.

Other cases restricting Rule 23 pre-certification contact are situations where defendant's communication was misleading or improper. *Impervious Paint Industries v. Ashland Oil*, 508 F.Supp. 720, 723 (W.D.Ky., 1981) ("In the course of [defendant's] contact of class members, the copy of the class notice was presented along with the oral legal advice which was specifically omitted from the notice prepared by the Court"); *Pollar v. Judson Steel Corp.*, 1984 WL 161273 (N.D.Cal.1984) (finding defendant's notices could seriously prejudice the rights of absent class members by

value: it simply treats the action as a "class action," making no distinction between an "opt-in" and an "opt-out" situation or when the representation by counsel begins. *Resnick* does not assist the Court's analysis.

failing to disclose material facts about the case).

Based on the provisions of § 216(b) and the similar Rule 23 pre-certification situation, the Court concludes there is no prohibition against pre-"opt-in" communication with a § 216(b) potential plaintiff, unless the communication undermines or contradicts the Court's notice. If an undermining or contradictory communication is sent, the Court can control the proceedings through sanctions, requiring payment for a curative notice, regulation of future ex parte communications, or other appropriate orders.[2] Any restrictive order should make specific findings of actual or potential abuse or misconduct, and sanctions or limitations on future communications should be narrowly tailored to avoid excessive restraint on speech. *Gulf Oil v. Bernard,* 452 U.S. at 101, 101 S.Ct. 2193.

 The Court finds Eastwood's September 26, 2002 Internal Memo to prospective plaintiff sales agents does not undermine or contradict the Court's own notice. It does not state legal advice. Defendant's suggestion to direct questions to its General Counsel is permissible at this pre-"opt in" stage. There is no substantial suggestion of retaliation if an employee opts-in. There does not appear to be serious or undue prejudice or an actual or potential abuse or misconduct as a result of the communication.

### III. *DISPOSITION*

The application for a preventive order is DENIED.

**2.** Of course, if the communication is slanderous, contains a threat of retaliation if a prospective plaintiff opts in, or is otherwise legally inappropriate, the Court can intervene and separate legal remedies may be available.