**Braun v. Wal-Mart Stores Inc.**

14

*Kenneth J. Ignozzi, Michael D. Donovan and David A. Searles,* for plaintiff.
*Morton F. Daller,* for defendant.

SHEPPARD JR., *J.,* January 15, 2003—Defendant, Wal-Mart Stores Inc. (Wal-Mart), has filed this motion for leave to interview and obtain affidavit testimony from putative class members. For the reasons discussed, the motion is denied. Defendant is ordered to comply with this court's limitations on defendant's ex parte communications with putative class members.

## BACKGROUND

Wal-Mart owns and operates approximately 99 retail stores and employs approximately 31,000 employees in Pennsylvania. Compl. ¶6. Plaintiff, a former hourly wage employee of Wal-Mart, brings this action on behalf of herself and all similarly situated current and former hourly wage employees of Wal-Mart (the Class). Compl. ¶12. Plaintiff alleges that from March 19, 1998 until the present, Wal-Mart required employees to work "off-the-clock," denied employees rest or meal breaks, and withheld overtime pay. Compl. ¶¶12-14. Plaintiff further alleges that Wal-Mart has engaged in a pattern of workplace abuses resulting in a failure to properly compensate hourly employees, and has threatened or intimidated employees if they refused to work "off-the-clock." Compl. ¶16.

In this motion for leave to interview and obtain affidavit testimony from putative class members, Wal-Mart

seeks to conduct ex parte interviews with putative class members in order to prepare its defense and challenge certification of the class. In response, plaintiff urges that such ex parte communications violate Pennsylvania's Rules of Professional Conduct, and would improperly discourage class participation and intimidate putative class members.

## DISCUSSION

This is an issue of first impression under Pennsylvania law, namely, whether defense counsel may interview current and former employees who are putative class members in a state class action.[1] Under Pennsylvania law, this court, though not bound by such decisions, may look to federal court decisions for guidance. *Hutchison v. Luddy,* 763 A.2d 826, 837 (Pa. Super. 2000); see also, *McMonagle v. Allstate,* 460 Pa. 159, 167, 331 A.2d 467, 471-72 (1975). Moreover, this court is not bound by, nor need it consider persuasive, any federal or state court decisions that do not address Pennsylvania law. *Hutchison,* 763 A.2d at 837; see also, *Commonwealth v. National Bank & Trust Co. of Central Pennsylvania,* 469 Pa. 188, 194, 364 A.2d 1331, 1335 (1976).

Pursuant to Rule 4.2 of the Pennsylvania Rules of Professional Conduct, "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by

---

1. The parties do not dispute that Pennsylvania law governs this action.

law to do so." Pa.R.P.C. 4.2. This fundamental tenet of professional conduct, when applied in the context of a class action, requires this court to determine whether putative class members should be afforded the same protections as other litigants. The Pennsylvania Supreme Court has long held that putative class members are "properly characterized as parties to the action." *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 229, 348 A.2d 734, 736 (1975). In fact, the explanatory note to Rule 1701 of the Pennsylvania Rules of Civil Procedure, following the Supreme Court's holding in *Bell,* defines a "class action" as "any action brought by or against parties as representatives *until* the court refuses to certify it as such or revokes a prior certification." Pa.R.C.P. 1701 explanatory note 1977. (emphasis added) Our Superior Court has held that during the time between the filing of a class action and certification of the class, putative members have interests in the lawsuit. *Miller v. Federal Kemper Insurance Co.,* 352 Pa. Super. 581, 590, 508 A.2d 1222, 1228 (1986). Therefore, in Pennsylvania, putative class members have legitimate interests in the lawsuit prior to class certification.

Following the rationale of *Bell* and *Miller,* the Eastern District Court of Pennsylvania held that "[t]he 'truly representative' nature of a class action suit affords its putative class members certain rights and protections including, we believe, the protections contained in Rule 4.2 of the Rules of Professional Conduct." *Dondore v. NGK Metals Corp.,* 152 F. Supp.2d 662, 666 (E.D. Pa. 2001). (citations omitted) Recognizing that it is impractical for a court to certify a class immediately upon

the filing of the complaint, the court further held that protection should be afforded to putative class members during the interim period before certification. *Id.*

The principles embodied in case and statutory law require this court to find that the putative class members should be afforded protection from adverse counsel as mandated by Rule 4.2.

The nature of the action requires this court to consider the potential for abuse which may arise when unsophisticated putative class members are interviewed by counsel of their former or, in some cases, current employer. In *Dondore v. NGK Metals Corp.,* the court held, in the context of former employee class members, that defense counsel's unsupervised efforts could undermine the interests of putative class members and that "each potential witness needs to make an intelligent and voluntary decision, without any real or perceived pressure." 2001 WL 516635 at *2 (E.D. Pa. May 16, 2001).

It goes without saying that in the case of current employees, the ability of defense counsel to exert undue influence on those putative class members is considerable. This court suggests that it would be hard to find a more challenging conflict for a current employee to be placed in than to be interviewed by counsel for their current employer concerning allegations about workplace abuses. By its very nature, a potentially adversarial interview process between an employee and an employer and its lawyer is fraught with pitfalls for the employee, most notably the implied threat of loss of employment. Furthermore, this court cannot see a justification for

treating employee and non-employee putative class members differently. A person does not forego the protections of putative class membership simply because he or she is still employed by the defendant.

The purpose of Rule 4.2 is to protect uncounseled laypersons from lawyers who may take advantage of their position of power. *Carter-Herman v. City of Philadelphia*, 897 F. Supp. 899, 901 (E.D. Pa. 1995). These protections should indiscriminately apply to all putative class members. With that said, this court recognizes that Wal-Mart is free to manage contact with its current employees in accordance with applicable law. The only restriction this court is placing on Wal-Mart is that any discussion with current or former employees concerning the subject matter of this lawsuit should be done within the parameters of formal discovery. Should it choose to, Wal-Mart may subpoena and depose putative class members.

## CONCLUSION

For the reasons stated, this court finds that under Pennsylvania law putative class members are parties to the action until the court declines to certify the action. Here, the putative class members should be afforded the protections of Rule 4.2 of the Rules of Professional Conduct. Accordingly, this court denies defendant's motion for leave to interview and obtain affidavit testimony from putative class members. Defendant may depose putative class members should it wish to contact them regarding the subject of this lawsuit. The court will issue a contemporaneous order consistent with this opinion.

## ORDER

And now, January 15, 2003, upon consideration of defendant, Wal-Mart Stores Inc.'s motion for leave to interview and obtain affidavit testimony from putative class members, plaintiff Michelle Braun's response in opposition, the respective memoranda and all matters of record, and in accord with the opinion being filed contemporaneously with this order, it is hereby ordered that said motion is denied.