378 A.2d 990

Joseph J. GALDO and Rosanna M. Galdo, Plaintiffs and Martin Cohen and Ben Weinstein, Intervenors-Plaintiffs,

v.

FIRST PENNSYLVANIA BANK N.A., Appellant,

v.

Martin COHEN, Jerome J. Drucker, Norman Wolgin, S. Theodore Blumenfeld, Scientific Resources Corp., a/k/a Atlas Credit Corp. or Sunasco, Inc., Hilco Homes Corp. and Atlas Financial Corp.

Superior Court of Pennsylvania.

Argued Dec. 8, 1976.

Decided Oct. 6, 1977.

Eugene F. Waye, Philadelphia, for appellant.

Michael S. Bomstein, Philadelphia, for appellee, Cohen.

Jerome J. Drucker, appellee, in propria persona.

Michael H. Applebaum, Huntingdon Valley, for additional defendants, Hilco Homes Corp. and Atlas Financial Corp.

Before WATKINS, President Judge, and JACOBS, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, First Pennsylvania Bank, N.A. (Bank), was the trustee under an indenture relating to convertible subordinated debentures issued by Hilco Homes Corporation (Hilco). Joseph and Rosanna Galdo were owners of $300 in principal amount of the corporate 6½% bonds. On August 13, 1974, the Galdos filed a complaint which contained two counts, one in assumpsit and one in trespass, against the Bank claiming that the Bank breached its contractual and fiduciary obligations as trustee of the debentures. The complaint alleged that Hilco, by liquidating its assets and failing to notify debenture holders of the liquidation, violated the terms of the indenture and was in default thereunder. It further alleged that this default was known to the Bank

at the time of the occurrence, but the Bank, despite its knowledge, did not notify the debenture holders of the default and thereby violated its fiduciary and contractual obligation as trustee.

On February 21, 1975, intervenor-plaintiffs, Martin Cohen and Ben Weinstein joined the original plaintiffs.[1] On September 5, 1975, the appellant, Bank, filed a complaint against additional defendants,[2] including Martin Cohen, appellee, and Jerome Drucker among others. This complaint also contained two counts, one in assumpsit and one in trespass. The count in assumpsit averred that Martin Cohen, who was the former president of Hilco, and Jerome Drucker, who was the former treasurer and a principal owner of Hilco along with Cohen caused the damage to the plaintiffs by concealing the financial condition of Hilco and by mismanaging the company. The count in trespass averred that Cohen and Drucker as well as the other additional defendants caused the damage which was alleged by the plaintiffs and intervenor plaintiffs to have been caused by defendants.

Preliminary objections were filed by Martin Cohen as well as some other additional defendants. However, the record does not indicate that Jerome Drucker filed any preliminary objections to appellant's complaint. The lower court by order dated July 21, 1976 sustained the preliminary objections as to Martin Cohen and Jerome Drucker, and the preliminary objections as to all other additional defendants were dismissed. From that order, appeal was taken to this Court.

1. The complaint originally started out as a class action with the Galdos seeking to represent the class. Following an evidentiary hearing on the class action issue, it was determined that the matter could be brought as a class action, however, Ben Weinstein, intervenor-plaintiffs, was to be the representative of the class.

2. The other additional defendants included Norman Wolgin, S. Theodore Blumenfeld, Scientific Resources Corp., a/k/a Atlas Credit Corp. or Sunasco, Inc., Hilco Homes Corp. and Atlas Financial Corp. The corporate additional defendants were all successors in interest to Hilco and the individual additional defendants were either on the board of directors of the corporations or officers.

Appellant contends that the order of the lower court sustaining the preliminary objections as to Martin Cohen and Jerome Drucker was improper for two reasons. First, since Jerome Drucker did not file any preliminary objections, the court could not sustain any as to him and should not have considered Mr. Drucker in the same light as Mr. Cohen because they are two separate additional defendants. Secondly, appellant contends that Jerome Drucker and Martin Cohen, former principal owners of the issuing company, mismanaged the company and knowingly misrepresented the company's assets which actions were in fact the causes for the damage to the plaintiffs.

Regarding that part of the order sustaining the preliminary objections as to Jerome Drucker we find that the lower court erred. A search of the complete record fails to disclose any preliminary objections filed by Jerome Drucker. In fact, there is a complete absence of any pleadings being filed by or on behalf of Mr. Drucker or even any entry of appearance of counsel representing Mr. Drucker. Counsel for Mr. Cohen did file preliminary objections and at no time did he indicate that he was representing any one other or in addition to Mr. Cohen. Likewise, Mr. Cohen's appellate brief indicates that only Mr. Cohen is being represented. Therefore, we cannot say that Mr. Drucker was being represented by counsel of Mr. Cohen and since Mr. Drucker did not file preliminary objections it was improper for the lower court to include him in the order of July 21, 1976.

Appellant also contends that the lower court erred when it sustained the preliminary objections of the additional defendant and appellee, Martin Cohen. Martin Cohen was one of the original owners of Hilco as well as an officer of the company and it is alleged by the defendant in its complaint that Mr. Cohen and Mr. Drucker were primarily responsible for the default of the debentures due to their mismanagement of the company. Rule 2252(a) of the Pennsylvania Rules of Civil Procedure states:

In any action the defendant or any additional defendant, may, as the joining party, join as an additional

defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

It was on the basis of Rule 2252(a) that Mr. Cohen was joined along with others in this action. Furthermore, Rule 2255(d) states:

The plaintiff shall recover from an additional defendant found liable to him alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability.

■■  The amended complaint of the plaintiffs and intervenor-plaintiffs averred in its first count-in assumpsit:

5.  On about January, 1967, Hilco's Board of Directors authorized the liquidation of Hilco; thereafter it sold all of its assets; and it failed to notify its debenture-holders of the foregoing. These actions of Hilco constituted violations of Articles 2.3(a), (b) and (c) and 3.7(iii) of the Indenture, and constituted "defaults" under Article 7.1(d) thereof.

6.  Defendant was informed or otherwise knew of the facts set forth in paragraph 5 above, at the times they occurred but, in violation of its fiduciary undertaking to plaintiffs and intervenor-plaintiffs and the class, and in violation of Article 11.3 of the Indenture, defendant, with reckless indifference and wanton disregard of the rights of Hilco debenture-holders, failed to notify plaintiffs and intervenor-plaintiffs or other debenture-holders thereof, so that they could take action to protect their interests, and the debenture-holders did not learn of said facts until many years later, when Hilco was hopelessly insolvent and the debentures had become worthless.

In their second count-in trespass–the plaintiffs and intervenor-plaintiffs averred:

10. Defendant has concealed from plaintiffs and intervenor-plaintiffs and members of the class the facts set forth in paragraphs 5 and 6 hereto, and misled plaintiffs and intervenor-plaintiffs and members of the class who believing that defendant was vigorously protecting their interests, which was not true. As a result of defendant's concealment and misrepresentations, plaintiffs and intervenor-plaintiffs and members of the class did not discover, and could not reasonably have discovered, their cause of action against defendant until after September of 1975.

Appellant in its complaint against additional defendants averred that:

10. Defendants Martin Cohen and Jerome Drucker were respectively the President and Treasurer of Hilco at December 31, 1964, and on that date as well as at other times, were aware of the true financial condition of Hilco, these additional defendants, Martin Cohen and Jerome Drucker misrepresented the values of assets of Hilco on the December 31, 1964 Hilco consolidated balance sheet and were aware that Hilco did not possess the net worth indicated by the consolidated balance sheet. The misrepresentation was a continuing misrepresentation. This representation may also have occurred at times prior to December 1964.

11. Martin Cohen and Jerome Drucker, by concealing the financial condition of Hilco and by mismanagement of Hilco, caused Hilco eventually to become unable to meet Hilco's obligations to the debenture-holders under the Indenture.

In *Incollingo v. Ewing,* 444 Pa. 263, 282 A.2d 206 (1971) the Pennsylvania Supreme Court stated 444 Pa. at 290, 282 A.2d at 221:

It must be remembered that "[t]he general plan of the joinder procedure is to adjudicate all rights growing out of a certain factual background." 3 Goodrich-Amram, Sec. 2255(d)–9, p. 107; see also the discussion at Sec. 2252(a)–5

and 6. The phrase "cause of action declared upon" as used in the rule may not be taken too literally. So long as the additional defendant's alleged liability is related to the original claim which plaintiff asserts against the original defendant, the third party complaint is within bounds.

In the present case, Hilco defaulted on its debentures. The actual harm to the plaintiffs was that the debentures were caused to become worthless. The original complaint and amended complaint of the plaintiffs and intervenor-plaintiffs averred that Hilco liquidated its assets and failed to notify the debenture-holders. It is further averred that the appellant failed to notify the debenture-holders. However the real reason for the default on the debentures was that the company was financially in poor condition. Appellant avers that this was caused by the actions of the additional defendants Cohen, appellee, and Drucker. Under *Incollingo,* supra, it is apparent that the appellee's alleged liability is related to the original claim which the plaintiffs asserted against the appellant and therefore the appellee was properly joined. Furthermore, sustaining preliminary objections in the nature of a demurrer is something that the Pennsylvania Courts have often said should be done only in specific cases. In *Gardner v. Allegheny County,* 382 Pa. 88, at 94, 114 A.2d 491, at 494 (1955), the court stated:

> Moreover, when the sustaining of defendants' preliminary objections will result in a denial of plaintiffs' claim, or a dismissal of plaintiffs' suit, preliminary objections should be sustained only in cases which are clear and free from doubt: *London v. Kinsley,* 368 Pa. 109, 81 A.2d 870; *Waldman v. Shoemaker,* 367 Pa. 587, 80 A.2d 776.

We see no reason to apply a different rule with respect to a defendant's claim against an additional defendant. The lower court by its order sustaining the preliminary objections of the appellee has precluded the appellant from showing that the appellee was in fact responsible for the damage caused to the plaintiffs. We therefore conclude that the lower court erred in its order of July 21, 1976 and reverse

and remand the case for further proceedings consistent with this opinion.

Reversed and Remanded.

HOFFMAN, J., did not participate in the consideration or decision of this case.