451 A.2d 537

Robert J. BLAIR, Individually and as a Stockholder of Globe Natural Gas Company, Appellant,

v.

GUTHRIE DEVELOPMENT CORP., A & R Realty Company, John Kaye, Ann Kaye, Aaron Kaye, Robert Kaye and Globe Natural Gas Company.

Superior Court of Pennsylvania.

Argued Aug. 31, 1981.

Filed Oct. 8, 1982.

Anthony H. Chambers, Bradford, for appellant.

Scott Fergus, Washington, for appellees.

Before WICKERSHAM, WIEAND and BECK, JJ.

WIEAND, Judge:

This is an appeal from an order summarily dismissing an amended complaint in equity. We reverse. The order was procedurally irregular and substantively unwarranted.

An initial complaint, filed by Robert J. Blair, alleged that Globe Natural Gas Company, a corporation in which he was a stockholder, had been defrauded by the manner in which John Kaye, Ann Kaye, Aaron Kaye, Robert Kaye, A & R Realty Company and Guthrie Development Corporation, defendants, had dealt with corporate assets. The complaint was accompanied by a request for a temporary injunction restraining appellees from receiving or disposing of the assets of the corporate parties. The court set a hearing on this request for October 21, 1980. On the day of the hearing, defendants, John Kaye, Ann Kaye and A & R Realty Company, appeared by counsel and filed preliminary objections to the complaint. After the plaintiff, Robert J. Blair, had been heard, the hearing was recessed, and counsel

met with the trial judge in chambers. Thereafter, the following order was entered:

## ORDER

AND NOW, to-wit, this 21st day of October, 1980, a preliminary injunction is issued in favor of Plaintiff against Defendants in that Defendants, their heirs, agents, employees or assigns shall not convey or attempt to convey any of the realty as described in that deed under date of May 5, 1978 and as recorded in the Recorder's Office in Deed Book 405, Page 259 and Quaker State Oil Refinery is enjoined from paying any funds unto the Defendants, corporately and individually, in the nature of royalties or otherwise due to production of oil or gas from said premises. The injunction shall exist until November 5, 1980 at which time the Plaintiff shall have either filed an amended complaint prior thereto or elects to argue the preliminary objections of Defendants filed this date. In the event of the former the Defendants shall file an answer or preliminary objections and if the latter same shall be argued on November 5, 1980.

In any event the preliminary objections shall be resolved by the court on November 5, 1980 and a hearing date thereafter set on the merits if appropriate.

Pursuant thereto, an amended complaint was filed on October 30, 1980. On November 5, 1980, counsel for John Kaye, Ann Kaye, and A & R Realty Company appeared and, at the time set for hearing, once again filed preliminary objections. These objections raised questions of jurisdiction, moved to strike the complaint on grounds that it had been improperly endorsed, and sought a more specific complaint. A demurrer also requested that the complaint be dismissed because plaintiff had an adequate remedy at law and because his cause of action was barred by the statute of limitations. Counsel for the plaintiff, who had received a copy of the preliminary objections and defendants' memorandum of law earlier on the same day, objected to arguing the merits thereof immediately and requested time to review

the preliminary objections and prepare for argument. His objection was overruled, argument was held, and the court entered an order as follows:

## ORDER

AND NOW, to-wit, this 5th day of November, 1980, the preliminary objections of the Defendant are sustained and the complaint is dismissed without prejudice.

Appellant's first argument on appeal is that it was procedurally improper to entertain argument and decide preliminary objections on the same day on which they were filed. He contends that the procedure followed by the trial court deprived him of the right to file an amended complaint as of course within ten days as provided by Pa.R.C.P. 1028(c). There is considerable merit in this argument, particularly in view of the trial court's dismissal of the complaint without further leave to amend. However, we do not rest our decision solely on procedural grounds.

The trial court's order is difficult to comprehend. It purports to dismiss the complaint without prejudice, but it does not contain leave to amend. The court's opinion does little to enlighten us regarding the intent of the order or the reasons therefor. We have already observed, however, that the preliminary objections, filed by three of the named defendants,[1] alleged only two substantive reasons for dismissing the complaint, i.e., the statute of limitations and an adequate remedy at law. Neither is a valid reason for dismissing the complaint.

The statute of limitations in the instant action is a waivable, affirmative defense and must be pleaded as new matter. *Royal Oil and Gas Corporation v. Tunnelton Mining Company,* 444 Pa. 105, 107, 282 A.2d 384, 385 (1971); *Ziemba v. Hagerty,* 436 Pa. 179, 259 A.2d 876 (1969); *Mangino v. Steel Contracting Company,* 427 Pa. 533, 235 A.2d 151 (1967); *Stoltzfus v. Haus,* 234 Pa.Super. 46, 50, 334 A.2d 738,

---

1. Three other defendants had not been served with a copy of the amended complaint.

741 (1975); Pa.R.C.P. 1030. It may not be raised by preliminary objections in the nature of a demurrer. *Stein v. Richardson,* 302 Pa.Super. 124, 448 A.2d 558, 566 (1982); *Reuben v. O'Brien,* 299 Pa.Super. 372, 374, 445 A.2d 801, 802 (1982); *Stoltzfus v. Haus, supra* 234 Pa.Super. at 50, 334 A.2d at 740–741; *Sykes v. Southeastern Pennsylvania Transportation Authority,* 225 Pa.Super. 69, 73, 310 A.2d 277, 280 (1973). The defendants' preliminary objections raising the statute of limitations, therefore, provided no basis for dismissing the complaint in the instant case.

■■■ Similarly, a complaint in equity cannot properly be dismissed because there exists an adequate remedy at law. Such an objection may be raised by preliminary objections, but if they be sustained, the court is compelled by Pa.R.C.P. 1509(c) to certify the action to the law side of the court. In this respect, the court is given no option; certification to the law side is mandatory. 5 Goodrich-Amram 2d § 1509(c):2. See: *Klemow v. Time Incorporated,* 466 Pa. 189, 194–195, 352 A.2d 12, 15 (1976), *cert. denied,* 429 U.S. 828, 97 S.Ct. 86, 50 L.Ed.2d 91 (1976); *Shaffer v. Dooley,* 452 Pa. 414, 416, 308 A.2d 597, 598 (1973); *Carelli v. Lyter,* 430 Pa. 543, 546, 244 A.2d 6, 8–9 (1968); *Aughenbaugh v. North American Refractories Co.,* 426 Pa. 211, 218, 231 A.2d 173, 177–178 (1967); *Wilson v. King of Prussia Enterprises, Inc.,* 422 Pa. 128, 133, 221 A.2d 123, 126 (1966).

Appellees' preliminary objections have also attacked the form of appellant's complaint and have raised complex questions of jurisdiction.[2] These matters have not been determined by the trial court. For this reason, and also because

**2.** Although we do not decide the merits of these preliminary objections, we have experienced considerable difficulty ascertaining the nature of appellant's cause of action and unravelling the disorganized facts and requests for relief contained in his amended complaint. We also observe that none of the parties are residents of Pennsylvania and that a connection with this state exists only because some of the corporate assets allegedly dealt with fraudulently by the defendants consist of real estate located in Warren County. Surely appellant can state more succinctly and more articulately the facts upon which his cause of action depends, as well as those facts upon which he relies to vest jurisdiction in the courts of Pennsylvania.

the record contains insufficient facts to permit a decision on the jurisdictional issues, we will remand to permit further consideration of such issues by the trial court.

The order dismissing the complaint is reversed; and the case is remanded to enable the trial court to consider and determine, after argument, those preliminary objections which remain undecided. However, appellant may, if he chooses to do so, file an amended complaint within ten days of the filing of this opinion.