541 A.2d 341

**Barbara L. SHERRY, Appellee,**

v.

**TREXLER–HAINES GAS, INC., Atlantic Richfield Company, Sun Gas Company, John P. Clarke Co., Inc. and Charles A. Hones, Inc.**

**Appeal of TREXLER–HAINES GAS, INC.**

Superior Court of Pennsylvania.

Argued June 15, 1987.

Filed April 27, 1988.

---

Jeffrey R. Dimmich, Allentown, for appellant.

Anthony M. Muir, Allentown, for Hones, appellee.

Before MONTEMURO, KELLY and CERCONE, JJ.

KELLY, Judge:

This is an appeal from an Order granting appellee's preliminary objections in the nature of a motion to strike appellant's joinder complaint. As appellant Trexler–Haines Gas, Inc. (hereinafter Trexler) followed proper procedure in joining Sun Gas Company (hereinafter Sun), Atlantic Richfield, John P. Clarke, Co., and Charles A. Hones, Inc. as additional defendants, we hold that the trial court erred in dismissing appellant's complaint joining those defendants. Accordingly, we reverse and remand.

The facts giving rise to this appeal are simply stated. Appellee Barbara Sherry instituted a personal injury suit against Trexler on September 22, 1983. Trexler filed its answer and new matter on October 26, 1983. Moreover, on November 10, 1983 Trexler filed a joinder complaint against additional defendants Sun, Atlantic Richfield Co. and John P. Clarke Co. Service was effectuated on Atlantic Richfield Co. and John P. Clarke Co.;[1] however, on February 26, 1984 the complaint to join Sun was returned by the sheriff of Montgomery County marked "not found."

Trexler eventually filed a praecipe on May 28, 1986 to reissue the complaint against Sun. Service of the complaint was made on June 20, 1986. Sun filed, on July 15, 1986, preliminary objections in the nature of a motion to dismiss the complaint on grounds of untimely joinder. A hearing on the motion was held on November 3, 1986. The trial court, on December 16, 1986, ordered dismissal of the joinder complaint against Sun on the basis of untimely service, citing as authority the rescinded Pa.R.C.P. 2254. Trexler timely appealed this order to our Court. Its sole

---

1. Praecipe to join additional defendant Charles A. Hones, Inc. was filed January 11, 1984.

contention on appeal is that the trial court erred in applying the rescinded Rule 2254 to the procedures in this case.

## I.

Initially we note that joinder of an additional defendant is accomplished by the filing of either a praecipe for a writ or a complaint within sixty (60) days of receipt of the plaintiff's complaint. Pa.R.C.P. 2252, 2253.[2] Herein, Trexler filed its joinder complaint within the applicable sixty (60) day time period but did not effectuate proper service upon Sun for over two years.[3] Personal jurisdiction over Sun was therefore not acquired during that period.

■ When Sun was served with the reissued complaint, Sun filed preliminary objections on July 15, 1986. These preliminary objections were in the nature of a motion to dismiss Trexler's complaint due to late *joinder* of the additional defendants. However, as stated previously, the record reveals that the joinder of additional defendants Sun, Atlantic Richfield, and John P. Clarke Co. was timely, as it was accomplished within sixty (60) days of appellant Trex-

**2.** The dissent contends that joinder does not occur until service of the complaint has been effected. (Dissent at 345). In support, the dissent cites *Bandes v. Klimoski,* 260 Pa.Super. 137, 393 A.2d 1050 (1978). We find this case inapposite. In *Bandes* this Court noted that while *"the joinder itself was timely accomplished"* by filing a praecipe for a writ within sixty (60) days, dismissal of the complaint of joinder was justified because *service* was not made within the applicable thirty (30) day time. *Bandes, supra* 393 A.2d at 1052. (Emphasis added). We find no authority in the clear language of the rules, nor in prior caselaw for the proposition that joinder is not accomplished until service is made. *Accord Bandes, supra. See also Scabis v. Nobel,* 63 D & C 52 (1947); discussion Section II, *infra.* Rather, we conclude the dissent has confused the separate concepts of joinder and service as did the trial court. Furthermore, any reliance on Pennsylvania Standard Practice for this proposition is misplaced as that treatise concludes *personal jurisdiction* over an additional defendant is obtained through service rather than through filing the joinder pleadings. As Sun was legally served, pursuant to the new applicable rules, personal jurisdiction over Sun was obtained. However, *joinder* was accomplished when the pleadings were filed.

**3.** Trexler was served with the complaint on September 22, 1983 and, in turn, filed its complaint joining the additional defendants on November 10, 1983.

ler's receipt of the plaintiff's complaint. Nonetheless, rather than ruling on Sun's preliminary objections regarding joinder, the trial court, *sua sponte*, entered an order striking the complaint on the basis of untimely *service* rather than untimely *joinder*. This was error.

Undeniably, a trial court may address *sua sponte* issues of whether jurisdiction is proper. *Cheng v. Cheng*, 347 Pa.Super. 515, 500 A.2d 1175 (1985); *Commonwealth, Dept. of Transp., Bureau of Traffic Safety v. Forte*, 29 Pa. Cmwlth. 415, 371 A.2d 526 (1977); Pa.R.C.P. 1032(2). However, here the trial court raised *sua sponte* the issue of the timeliness of service, a procedural question not addressed by either party. This, we find to be improper. *See e.g. Luitweiler v. Northchester Corp.*, 456 Pa. 530, 319 A.2d 899 (1974) (court cannot sustain a demurrer where no demurrer is made by a party); *Galdo v. First Pennsylvania Bank*, 250 Pa.Super. 385, 378 A.2d 990 (1977) (court erred in sustaining preliminary objections as to both defendants where only one defendant filed preliminary objections).

Moreover, when a party fails to raise the issue of defective service, that party is deemed to have waived that issue and to have validated an otherwise defective form of service. *Cox v. Hott*, 246 Pa.Super. 445, 371 A.2d 921 (1977). As Sun failed to plead defects in *service*, Sun effectively validated that service and should be held to have waived the right to argue that issue on appeal. In this regard, the trial court erred, and accordingly, we must reverse.

## II.

■ Additionally, we hold that the trial court erred in applying the rescinded Pa.R.C.P. 2254 to this case.

Our Supreme Court adopted Rule of Civil Procedure 425, governing the joinder of additional defendants, on June 20, 1985, to be effective January 1, 1986. The rule states in pertinent part:

**Rule 425. Additional Defendants**

(a) Original process shall be served upon an additional defendant who is not already a party to the action in the

same manner as if he were an original defendant. Copies of all pleadings filed in the action shall be served with the complaint against the additional defendant.

Note: ...

See Rule 213(b) for the right of an additional defendant to move for a severance and Rule 1006(d) for the right to move for a change of venue.

Rule 401 applies to the manner in which process is to be served upon original defendants:

**Rule 401. Time for Service, Reissuance, Reinstatement and Substitution of Original Process. Copies for Service**

(a) Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.

\* \* \* \* \* \*

(b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule or outside the Commonwealth within the time prescribed by Rule 404, *the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint,* by writing thereon 'reissued' in the case of a writ or 'reinstated' in the case of a complaint.

(2) A writ may be reissued or a complaint reinstated *at any time and any number of times.* A new party defendant may be named in a reissued writ or a reinstated complaint.

\* \* \* \* \* \*

(4) A reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule or by Rule 404 after reissuance, reinstatement or substitution.

(Emphasis added). These rules replaced the repealed Rule 2254(b) which stated in pertinent part that:

(b) the writ, or the complaint of the defendant or the additional defendant if the joinder is commenced by com-

plaint or the complaint is used as alternative process as provided by rule 1010(e), *shall be served by the sheriff in the same manner as a writ of summons within thirty (30) days after the commencement of the action to join, unless the time be extended by the court upon cause shown.*

(Emphasis added). Thus, our Supreme Court dispensed with the requirement of the rescinded Pa.R.C.P. 2254(b) that a party must show cause to the court before an extension of time for service be granted. Under the new rules, all that is required for extension of time for service is that the prothonotary reissue the writ or reinstate the complaint before service is again attempted. We note in particular that the new rule states a timely filed joinder pleading continues to be valid after the original time for service has expired as long as the prothonotary reissues the pleading. Pa.R.C.P. 401(b)(1).

The language of the new rules is unambiguous; the requirement that the court exercise its discretion in granting an extension of time for service, and the requirement that a party show cause for such extension, have been omitted. As the language is unambiguous, this Court may not disregard the clear letter of the rules under the pretext of pursuing its alleged spirit. *Lamp v. Heyman, supra,* 469 Pa. 465, 366 A.2d at 886 (the language of the Rules of Civil Procedure "does not admit of qualification in an effort to ascertain its spirit").

Appellant contends that the trial court erred in applying Pa.R.C.P. 2254(b) to the service which was perfected after January 1, 1986. We agree. Pa.R.C.P. 52 provides guidance for this issue, as it states:

**Rule 52. Effective Date. Application to Pending Actions**

(a) A rule or an amendment to a rule shall be effective *upon the date specified by the Supreme Court.*

(b) If no effective date is specified, the rule or amendment shall be effective on the first day of July or January

following the thirtieth day after its adoption, whichever is earlier.

(c) *Unless the Supreme Court specifies otherwise, a rule or an amendment to a rule shall apply to actions pending on the effective date.*

Rescinded and new rule adopted April 5, 1982, effective July 1, 1982.

(Emphasis added).

As the action herein was still pending on the effective dates of Pa.R.C.P. 52, Pa.R.C.P. 401 and Pa.R.C.P. 425, we hold that the new rules, rather than the rescinded Pa.R.C.P. 2254(b), apply. Accordingly, the trial court erred in applying the rescinded rule rather than the current.

■ The only remaining question, then, is whether appellant properly followed the procedure of Pa.R.C.P. 401 and Pa.R.C.P. 425. Our examination of the record indicates that the complaint was properly reinstated on May 28, 1986 before appellant served Sun on June 20, 1986. Thus, appellant properly served Sun and should be entitled to continue with the action.

We recognize that the result in the instant case may seem anomalous in that, from February 1984 when the sheriff marked on the service forms "not found" until May 1986, appellant made no attempt to comply with the then-in-effect Rule 2254(b) to effectuate service. However, we are reassured by the fact that any inequity resulting from the delay in obtaining personal jurisdiction over Sun can be redressed through various options which remain available to Sun, including: filing a motion to dismiss the complaint, rather than preliminary objections (*see* Pa.R.C.P. 1017) (preliminary objections limited to, *inter alia*, questioning *service*); filing a motion for extension of time in order to conduct discovery (*see* Pa.R.C.P. 216, 4007.3); *cf. Cohen v. International Organization Masters, Mates and Pilots, Intern. Marine Division of ILA, AFL–CIO*, 247 Pa.Super. 83, 371 A.2d 1337 (1977); or filing a motion to *sever* (*see* Pa.R.C.P. 213(b)).

## CONCLUSION

Accordingly, as appellant followed the applicable rules of procedure, we reverse the order of the trial court dismissing appellant's joinder complaint, and remand for further proceedings not inconsistent with this opinion. Jurisdiction relinquished.

MONTEMURO, J., files dissenting opinion.

MONTEMURO, Judge, dissenting:

While I agree with the majority view that under the new rules Sun would be able to obtain relief through avenues other than dismissal of the joinder complaint, for the following reasons I strongly disagree that those rules apply.

The majority observes that because Sun claimed only improper joinder, rather than defective service of the joinder complaint in its preliminary objections, no claim as to service has been preserved. The problem with this conclusion is its mistaken assumption that the issuance of the complaint is sufficient to achieve joinder; that is, the inclusion of an additional party. However, the joinder process is merely commenced by means of the complaint; no joinder actually occurs until service of the complaint has been effected. *See* 3 *Standard Pa. Practice* § 14:186 (1981). *See also* 8 *Goodrich Amram 2d* § 2254(a):1 (1977). "After the process to join the additional defendant has been issued, it must be served on him personally to acquire jurisdiction over his person. Otherwise joinder will not be effected and no legally effective judgement can be entered against the additional defendant." *Id.* This is because "one who is not served with process does not have the status of a party to the proceeding" 62 *Am.Jur.2d* § 4 (1972). The notion that filing a document with the prothonotary is sufficient in and of itself to assure the proper inclusion of an additional litigant is therefore erroneous.

The governing Rule of procedure in force at the time the complaint was filed, that is Pa.R.C.P. 2254(b), allowed appellants thirty (30) days from the filing of the joinder complaint within which to accomplish service. Failing that,

leave of court upon cause shown was required to extend time within which service was to be made. Because appellant neither made service nor obtained an extension, Sun was never actually joined. Its assertion of improper/late joinder is therefore appropriate.[1] Conversely, a claim of defective service would have been at best a misnomer, since under the strictures of the applicable Rule, service was nonexistent rather than faulty. In *Bandes v. Klimoski*,[2] 260 Pa.Super. 137, 393 A.2d 1050 (1978), an en banc panel of this court found that the trial court properly dismissed the joinder of proposed additional defendants who were not served with the writ of joinder until more than four months after its issuance. *See also* 8 *Goodrich–Amram* § 2254(a):1 (1977). Rule 2254 was in force at the time *Bandes* was decided, it governed as well when appellant's complaint lapsed for want of service. The majority has failed to cite authority for the proposition that the subsequent promulgation of Rule 425 was sufficient to validate ex post facto a complaint which had expired two years earlier. I would analogize the operation of the Rule to that

1. The majority also find that the trial court improperly addressed sua sponte the "procedural question" of faulty service. I would point out that "in order to acquire jurisdiction over the person of one sought to be joined as an additional defendant, the process by which joinder is to be effected must be issued and served. The court should dismiss an additional defendant who has not been legally served with the process that effects joinder." 3 *Standard Pennsylvania Practice* § 14:186 (1981).

   I would also note that appellee raised in its preliminary objections, and therefore in a procedurally unacceptable manner, appellant's violation of the statute of limitations. *Blair v. Guthrie Development Corp.*, 305 Pa.Super. 292, 451 A.2d 537 (1982). The reinstatement of a complaint must be accomplished within the same period as was required for filing of the original complaint. 1 *Goodrich Amram* § 1010(b):1 (1977). This appellant failed to do since, as the majority points out, the joinder action was initiated on Nov. 10, 1983, and was not reinstated until May 28, 1986.

2. The majority label citation to this case inapposite, quoting a section which finds "joinder" to have been timely accomplished. A close reading of the text reveals that the term joinder is used to refer to both the document naming additional defendants, and the process by which they are incorporated into the action. Rule 2254(b), however, is clear in speaking of "commencement of the action to join," that is institution of a process.

of a statute of limitations: the period during which the vitality of the cause exists is determined by the statute in effect at the time the action is filed. Passage of a longer statute of limitations after the cause has already expired does not serve to raise it, Lazarus-like, from extinction. To the contrary, "in additional defendant proceedings, it is the law that is in effect on the date service is to be made" which governs. *Id.* To achieve joinder under the rule contemporary with filing of the complaint, service was to be made on or before November 22, 1983. This is more than two years prior to the January 1, 1986 effective date of Rule 425 upon which the majority relies to legitimize eventual service. The majority seems to recognize this as an incongruity by its admission that "the result in the instant case may seem anomalous in that, from February 1984 when the sheriff marked on the service forms 'not found' until May 1986, appellant made no attempt to comply with the then-in-effect Rule 2254(b) to effectuate service." (Majority Op. at 336).

Appellant's nearly two year bout of inertia demonstrates not only gross dereliction in protecting its rights, but a total failure to exercise good faith. This latter element is crucial, since its absence violates the principle enunciated by our Supreme Court in *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1977), and reiterated by this court in *Bandes*, that the plaintiff must do "all that is required" by the Rules governing procedure. It is not enough simply to have taken no affirmative step to frustrate service. Appellant has offered no evidence of any attempt to achieve service on appellee by alternate means, or to have discovered appellee's true whereabouts. Given the facts of appellee's size as one of the largest corporate entities in the Philadelphia area, and its prior business relationship with appellant as a supplier, its elusiveness is astonishing.

Both prior Rules 2070, and current Rule 430, neither of which is itself germane to this inquiry, nevertheless are attended by the same comment, which provided an illustration of what is involved in a good faith effort to locate a defendant.

(1) inquiries of postal authorities, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.

Appellant makes no claim of having done any of these things or others to enable it to seek an extension of time for service under Rule 2254. Nor indeed has it offered "to the lower court, or to our court, compelling reasons to excuse the obvious violation of the Rule." *Bandes* at 142, 393 A.2d at 1052.

Under these circumstances, I am not persuaded that appellee should now be forced to resort to curative measures to ameliorate a situation of appellant's making.

Accordingly, for the reasons stated above, I would affirm the Order of the trial court.