Gary ENGLISH, Petitioner,

v.

COMMONWEALTH of Pennsylvania, Mark Schweiker, Governor, Commonwealth of Pennsylvania, Larry P. Williams, Secretary, Secretary of the Pennsylvania Department of Revenue, Commonwealth of Pennsylvania, Barbara Hafer, Treasurer of Commonwealth of Pennsylvania, and Allegheny County Council, County of Allegheny, Pennsylvania, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 8, 2002.
Decided Feb. 6, 2003.

---

Gary English, petitioner, pro se.

Terrence F. McVerry, George M. Janocski, Caroline Liebenguth and Kathryn M. Wakefield, Pittsburgh, for respondent.

BEFORE: FRIEDMAN, Judge, and SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Before the Court are two sets of preliminary objections related to a petition for review filed by Gary English (Petitioner) in the nature of an action in mandamus against the Commonwealth of Pennsylvania, the Governor of Pennsylvania, the Treasurer of Pennsylvania, the Secretary of the Pennsylvania Department of Revenue (collectively Commonwealth respondents) and Allegheny County Council (County Council). The petition invokes this Court's original jurisdiction and contains a demand for both injunctive and declaratory relief.

The County of Allegheny operates under home rule pursuant to the Allegheny County Home Rule Charter (County Charter).[1] As mandated by the County Charter,[2] County Council adopted in the Administrative Code of the County of Allegheny (Administrative Code)[3] procedures for the use of initiative and referendum by Allegheny County voters.[4] County Coun-

---

1. 302 Pa.Code §§ 1.1–101–1.13–1308.

2. *See* 302 Pa.Code §§ 1.12–1201 and 1.12–1202, respectively.

3. Administrative Code §§ 101.01–1203.11.

4. *See* Administrative Code § 1101.02(A), (B). The Administrative Code also defines these terms. Agenda initiative involves the presentation to County Council of a petition with the signatures of at least 500 registered county voters proposing an ordinance for Council's consideration and vote. The petition may also request agenda referendum. Administrative Code § 1101.01(A). Voter referendum *involves filing with elected officials a petition* containing an ordinance for referendum signed by 5% of registered county voters to be placed on the ballot for vote. Administrative Code § 1101.01(B).

cil also included Administrative Code Sections 1101.02(C)(3)(a)–(k), which identifies matters which may not be addressed by initiative and referendum.

Petitioner alleges in Count 1 that Section 1101.02(C)(3)(k)(ii) of the Administrative Code violates the County Charter and Article I, Section 2 of the Pennsylvania Constitution (relating to political powers) because it prohibits agenda initiative and voter referendum on the matter of the 1% tax which supports the Allegheny County Regional Asset District (RAD tax).[5] Petitioner seeks relief in the form of a judicial declaration that the provision prohibiting initiative and referendum on the RAD tax is invalid and that it be stricken from the Administrative Code.

On August 5, 2002, County Council filed preliminary objections to the petition in the nature of a demurrer for failure to state a cause of action upon which relief may be granted. In response, Petitioner filed preliminary objections to those preliminary objections.

## I.

 We initially address Petitioner's preliminary objections.[6] Petitioner first argues that the preliminary objections to

Count 1 should be denied because County Council failed to timely file a brief in support thereof. Neither the Rules of Appellate Procedure nor the Rules of Civil Procedure contain no time limitations as to the filing of briefs in support of preliminary objections. Although County Council had not yet filed a supporting brief as of the date Petitioner's preliminary objections were filed, on August 21, 2002 this Court issued a per curiam order permitting County Council to file a brief in support of its preliminary objections on or before October 1, 2002. County Council timely complied with our order, thereby rendering moot Petitioner's request that County Council's preliminary objections to Count 1 be denied for failure to file a brief. We therefore deny this objection.

 Petitioner° also contends that County Council's preliminary objections to Counts 2 through 5 of the petition should be stricken because they are directed solely to the Commonwealth respondents and, consequently, County Council lacks standing to assert defenses on their behalf.[7] A court cannot address preliminary objections raised by one defendant to the benefit of another defendant who has not filed preliminary objections. *Galdo v. First*

---

5. The Allegheny County Regional Asset District (RAD) is an independent, special purpose unit of local government covering the geographical area of Allegheny County that was created in 1993 by an amendment to the Second Class County Code, Act of July 28, 1953, P.L. 723, *as amended*, 16 P.S. §§ 3101–6302. Article XXXI–B of the Second Class County Code, relating to RAD, was added by Section 2 of the Act (Act) of December 22, 1993, P.L. 529, 16 P.S. §§ 6101–B–6173–B. Allegheny County is authorized to levy the 1% sales and use tax for use in carrying out the purposes of RAD pursuant to Section 3152–B of the Act, 16 P.S. § 6152–B.

6. When ruling on preliminary objections, this Court accepts as true all well-pleaded allega-

tions of material fact and all reasonable inferences deducible therefrom. *Allegheny Sportsmen's League v. Ridge*, 790 A.2d 350 (Pa. Cmwlth.2002). We are not, however, required to accept as true conclusions of law or expressions of opinion. *Id.*

7. Count 1 of the petition alleges that the Commonwealth respondents violated Article I, Section 2 of the Pennsylvania Constitution. Counts 2 through 5 allege that the Commonwealth respondents violated the following provisions of the Pennsylvania Constitution: art. III, § 1 (relating to passage of laws); art. III, § 3 (relating to form of bills); art. III, § 31 (relating to delegation of powers); and art. VIII, § 1 (relating to uniformity of taxation).

*Pennsylvania Bank N.A.,* 250 Pa.Super. 385, 378 A.2d 990 (1977).

In this case, the Commonwealth respondents have not filed preliminary objections. Moreover, there is no indication that counsel for County Council formally represents the interests of the Commonwealth respondents. Since Petitioner avers that the only allegations raised against County Council are contained in Count 1, we sustain his preliminary objections to County Council's preliminary objections to Counts 2 through 5 of the petition.

## II.

■ We next address County Council's preliminary objections in the nature of a demurrer.[8] County Council claims that the petition should be dismissed for failure to state a cause of action, given the existence of an overriding statutory provision prohibiting enactments by second class county home rule government which might affect the RAD tax. We agree.

### County Charter

■ The Petitioner argues that the RAD tax exclusion contained in the Administrative Code[9] is invalid because it limits the general County Charter provisions authorizing use of the initiative and referendum process by Allegheny County voters.

■ It is true that the County Charter directs County Council to enact procedures for agenda initiative and voter refer- endum without limitation on the use thereof. Nonetheless, as representatives of a home rule charter county, the authority of County Council to enact legislation pursuant to the County Charter is constrained by Article IX, Section 2 of the Pennsylvania Constitution (relating to home rule), which provides in part that "[a] municipality which has a home rule charter may exercise any power or perform any function not denied by this Constitution, by its home rule charter or by the General Assembly at any time."[10]

■ As County Council contends, the General Assembly chose to specifically limit the power of a second class county under home rule with regard to the RAD tax by enacting Section 3107–C(d) of the Second Class County Charter Law, which provides that "[t]he charter shall not affect the ... [the RAD tax]."[11] Given this express statutory prohibition, County Council is clearly not authorized to provide for initiative and referendum on the issue of the RAD tax. We believe that County Council would have violated both the Second Class County Charter Law and the home rule provision of the Pennsylvania Constitution had it adopted in the Administrative Code an unlimited initiative and referendum provision which might have ultimately allowed the RAD tax to be altered or repealed.

For the same reasons, Petitioner's allegation that reference to "initiative and referendum" contained in the preamble of the

---

8. A demurrer, which results in the dismissal of a claim or suit, should be sustained only where it appears with certainty that the law permits no recovery under the allegations pleaded and any doubt must be resolved in favor of overruling the demurrer. *Allegheny Sportsmen's League.*

9. Administrative Code § 1101.02(C)(3)(k)(ii).

10. PA. CONST. art. IX, § 2. *See also Wecht v. Roddey,* 815 A.2d 1146 (Pa.Cmwlth.2002); *Norristown Fraternal Order of Police, Lodge 31 v. DeAngelis,* 148 Pa.Cmwlth. 285, 611 A.2d 322 (1992).

11. Article XXXI–C of the Second Class County Code, relating to the Second Class County Charter Law, was added by Section 3 of the Act of May 20, 1997, P.L. 149, 16 P.S. § 6107–C(d).

County Charter [12] somehow creates an unlimited right to exercise initiative and referendum as to all matters affecting Allegheny County under home rule, including the RAD tax, is also without merit. While it is true that language contained in a preamble may be considered in construing an ambiguous law, it is not controlling. *See* Section 1924 of the Statutory Construction Act of 1972.[13]

We do not interpret the preamble's general language regarding initiative and referendum as authorizing County Council to provide for initiative and referendum on matters excluded by the General Assembly, including the express limitation on charter powers regarding the RAD tax.

In enacting Section 1101.02(C)(3)(k)(ii) of the Administrative Code, County Council did not violate any portions of the County Charter relating to agenda initiative and voter referendum. Thus, Petitioner has failed to state a cause of action upon which declaratory or injunctive relief can be granted.

### Pennsylvania Constitution

■ Petitioner also claims that the Administrative Code provision prohibiting initiative and referendum on the issue of the RAD tax violates Article I, Section 2 of the Pennsylvania Constitution.[14] This constitutional provision limits the power of state government to infringe on the natural rights of citizens and recognizes the right to alter, reform or abolish government. Nonetheless, there is no legal authority

indicating that the provision has ever been interpreted to create an inherent right to exercise initiative and referendum as to every legislated measure.

Nor does the language of Article I, Section 2 contradict the basic rule of law that the General Assembly has authority to exclude certain legislative matters from the initiative and referendum process. *Williams v. Rowe*, 3 Pa.Cmwlth. 537, 283 A.2d 881 (1971) (in a representative form of government, the General Assembly possesses legislative discretion to preclude specific matters from the referendum process).

We agree with County Council's argument that Section 1101.02(C)(3)(k)(ii) of the Administrative Code does not violate Article I, Section 2 of the Pennsylvania Constitution and that, again, Petitioner has failed to state a cause of action upon which declaratory or injunctive relief can be granted.

### III.

Contrary to Petitioner's allegations, neither the County Charter nor Article I, Section 2 of the Pennsylvania Constitution provides voters with an unlimited right to exercise initiative and referendum.

We find that Petitioner has failed to allege legally sufficient facts which, if proven, would establish that County Council violated either the County Charter or Article I, Section 2 of the Pennsylvania Constitution when it adopted the Administrative

---

12. The relevant portion of the preamble provides that "[a] home rule government that permits initiative and referendum will respond to the concerns of its citizens." County Charter, pmbl.

13. 1 Pa.C.S. § 1924; *see also Boring v. Erie Ins. Group*, 434 Pa.Super. 40, 641 A.2d 1189 (1994).

14. This provision reads:

> All power is inherent in the people, and all free governments are founded on their authority and instituted for their peace, safety and happiness. For the advancement of these ends they have at all times an inalienable and indefeasible right to alter, reform or abolish their government in such manner as they may think proper.
>
> PA. CONST. art. I, § 2.

Code provision which prohibits agenda initiative and voter referendum on the issue of the RAD tax.[15] Accordingly, County Council's preliminary objections to Count 1 in the nature of a demurrer are sustained and the petition for review is dismissed with prejudice as to County Council.[16]

## ORDER

AND NOW, this 6th day of February, 2003, Petitioner's preliminary objections to Respondent Allegheny County Council's preliminary objections regarding Count 1 of the petition are hereby OVERRULED. Petitioner's preliminary objections requesting that Respondent Allegheny County Council's preliminary objections regarding Counts 2 through 5 be stricken are hereby SUSTAINED.

The preliminary objections to Count 1 of the Petition for Review filed by Respondent Allegheny County Council are hereby SUSTAINED. The Petition for Review is DISMISSED with prejudice as to Respondent Allegheny County Council.

15. Given the disposition of this matter in favor of County Council, we need not address its contention that the prohibition against voter initiative and referendum on the RAD tax is necessary to fulfill the mandate of Section 3110–B(c) of the Second Class County Code,

16 P.S. § 6110–B(c) (relating to the perpetual existence of RAD).

16. We do not dismiss Count 1 to the extent that it relates to the Commonwealth respondents because they did not file preliminary objections.