J-S41030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HECTOR LUIS ORTIZ | : | |
| | : | |
| Appellant | : | No. 767 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 18, 2022
In the Court of Common Pleas of Berks County
Criminal Division at CP-06-CR-0003361-2021

BEFORE:   LAZARUS, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:              **FILED: JANUARY 13, 2023**

Hector Luis Ortiz (Appellant) appeals from the judgment of sentence imposed after a jury found him guilty of resisting arrest, and the trial court found him guilty of harassment and disorderly conduct.[1]  We affirm.

The evidence adduced at Appellant's one-day trial consisted solely of testimony from Wyomissing Borough Police Officer Sean Engelman (Officer Engelman or the Officer).  The trial court explained:

> Officer Engelman was dispatched to the Inn at Reading for reports of a stabbing in the City of Reading and an ambulance request from the stabbing victim[, Appellant,] who was at the Inn at Reading.  Based on the violent nature of the stabbing, the Officer testified that protocol requires the Officer to proceed to the scene first to clear the way for [emergency medical services personnel (EMS)].  When Officer Engelman was attending to [Appellant

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 5104, 2709(a)(1), 5503(a)(1).

inside his hotel room, Appellant] told the Officer to "get the fuck out" and proceeded to take [Appellant's] hands and put them on Officer Engelman's chest and shoved the Officer out the door of the hotel room. At that point in the confrontation, Officer Engelman told [Appellant] he was under arrest.

* * *

After [Appellant] was told he was under arrest for harassment due to him shoving the Officer, [Appellant] continued to tell the Officer to get out of here. … The Officer grabbed [Appellant's] arm to conduct an arm bar takedown on [Appellant]. While the Officer was attempting to conduct an arm bar takedown, [Appellant] remained wet and covered in blood from [his] stabbing injury. [Appellant] continued to resist the Officer's arrest. The Officer and [Appellant] continued in a scuffle in the hallway of the hotel, with the Officer continuing to attempt to subdue [Appellant] and place him into custody. At that point, Officer Engelman was on the ground. From his position on the ground, the Officer drew his taser and pointed it at [Appellant] and told him again to get on the ground or he would be tased. [Appellant] complied at that point and was placed under arrest.

Trial Court Opinion, 8/11/22, at 6, 7 (some capitalization modified).

The Commonwealth charged Appellant with the aforementioned crimes.

Prior to trial, the trial court instructed the jury as follows:

You will not be permitted to take notes during the course of this trial. In a trial of this length, the concern is that note-taking could be a distraction, that notes would often be incomplete and that undue weight might be given to those notes. We want you to rely upon your combined recollection of all the evidence.

N.T., 4/4/22, at 54. Neither party objected to the instruction.

At the close of the Commonwealth's case, Appellant's counsel moved for judgment of acquittal on all charges. *See id.* at 97-100, 104-05 (counsel arguing, "Appellant did not punch and kick and go for [Officer Engelman's] gun … and … [Appellant] did not resist [arrest] by means justifying or requiring

- 2 -

substantial force. This was minimal resistance here …. [Appellant] … did not attack the [O]fficer. [Appellant] was just trying to retreat back into his room.").

The prosecutor argued otherwise. *See*, *e.g.*, *id.* at 102 (arguing, "[Appellant] fought with [Officer Engelman] to a point that [the Officer] had to use physical force to overcome a substantial amount of active force [by Appellant,] … the [O]fficer ended up on his knees and covered in [Appellant's] blood, and had to pull out a taser."), and *id.* at 101 (emphasizing Officer Engelman "had to file … a workman's comp claim for future injury or possible injury as it relates to blood borne illnesses.").

The trial court denied Appellant's motion for judgment of acquittal. *Id.* at 106. The jury convicted Appellant of resisting arrest and the trial court convicted him of harassment and disorderly conduct. On April 18, 2022, the trial court sentenced Appellant to an aggregate two years of probation. Appellant did not file post-sentence motions. This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents three issues for review:

1. Did the trial court err in upholding the verdicts where the guilty verdicts were contrary to the weight of the evidence?

2. Did the trial court err for failing to grant [Appellant's] Motion for Judgment of Acquittal?

3. Did the trial court err by not permitting jurors to take notes?

Appellant's Brief at 2 (renumbered for disposition).

Appellant withdrew his first issue; thus, we do not address it. *Id.* at 12 n.6 ("Appellant hereby withdraws his challenge to the weight of the evidence.").

In his second issue, Appellant argues the trial court erred in denying his motion for judgment of acquittal because the Commonwealth failed to present sufficient evidence to prove the crimes beyond a reasonable doubt. *See id.* at 9-12. Appellant claims

> the Officer testified that the Appellant shoved him to get the Officer to leave the hotel. There was no testimony that the Appellant had any intent to harass, annoy, or alarm the Officer. Testimony clearly shows that the Appellant's intent was to have the Officer leave the hotel room.

*Id.* at 11. Appellant also asserts that during the struggle, Officer Engelman's actions, not Appellant's, caused them to move from the hotel room into the hallway, and thus "Appellant did not have the requisite *mens rea* to commit any act in a public place and therefore cannot be guilty of the crime of disorderly conduct, which requires an intent to cause public inconvenience." *Id.* at 12.

A motion for judgment of acquittal "challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." *Commonwealth v. Hutchinson*, 947 A.2d 800, 805 (Pa. Super. 2008) (citation omitted). The standard we apply when reviewing sufficiency, is whether

viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. … Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Smith*, 206 A.3d 551, 557 (Pa. Super. 2019) (citations omitted).

The crime of resisting arrest occurs when a person, "with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, … creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S.A. § 5104. "[A]ggressive use of force such as striking or kicking" an officer is not required to sustain a conviction for resisting arrest. *Commonwealth v. Miller*, 475 A.2d 145, 146 (Pa. Super. 1984) (footnote omitted). "A valid charge of resisting arrest requires an underlying lawful arrest, which, in turn, requires that the arresting officer possess probable cause." *Commonwealth v. Clemens*, 242 A.3d 659, 666 (Pa. Super. 2020) (citations omitted); *see also Commonwealth v. Manuel*, 194 A.3d 1076, 1081 (Pa. Super. 2018) (*en banc*) (defining probable cause).

A person commits the summary offense of harassment, in relevant part, "when, with intent to harass, annoy or alarm another, the person … strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same." 18 Pa.C.S.A. § 2709(a)(1).

Finally, disorderly conduct is defined as follows:

> A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he … engages in fighting or threatening, or in violent or tumultuous behavior[.]

*Id.* § 5503(a)(1).

We first observe that Appellant failed to preserve his sufficiency challenge in his Pa.R.A.P. 1925(b) statement. Appellant raised the following vague claim: "The trial court erred as a matter of law for not granting [Appellant's] motion for acquittal due to the Commonwealth's failure to present sufficient evidence at trial." Statement, 7/14/22, at 1.

Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020); *see also* Pa.R.A.P. 302(a) (issues cannot be raised for the first time on appeal). A Rule 1925(b) statement that is too vague to allow the trial court to identify the issues raised on appeal is the functional equivalent of no statement at all. *Commonwealth v. Cannon*, 954 A.2d 1222, 1228 (Pa. Super. 2008). Furthermore,

> when challenging the sufficiency of the evidence on appeal, the appellant's [Rule 1925(b)] statement **must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal**. Such specificity is of particular importance in cases where … the appellant was convicted of multiple crimes, each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (emphasis added; citations omitted); *see also Commonwealth v. Widger*, 237 A.3d 1151, 1156 (Pa. Super. 2020) (same). If an appellant fails to specify such elements, the sufficiency claim is deemed waived. *Gibbs*, 981 A.2d at 281; *see also Commonwealth v. Kane*, 10 A.3d 327, 331 (Pa. Super. 2010) (courts may not act as counsel for a party).

The sufficiency claim in Appellant's 1925(b) statement does not specify the element or elements not proven by the Commonwealth. Thus, Appellant waived his sufficiency claim. *See Gibbs*, 981 A.2d at 281 (finding appellant's sufficiency challenge waived where Rule 1925(b) statement failed to specify the convictions or elements of the crimes challenged).

Even if Appellant had not waived this claim, we would conclude the evidence was sufficient for the fact-finder to properly "find that each and every element of the crimes charged was established beyond a reasonable doubt," and "[t]his was a lawful arrest." Trial Court Opinion, 8/11/22, at 7, 9. In reaching this conclusion, we are persuaded by the Commonwealth's argument, which is supported by the record and the law. The Commonwealth states:

> When Officer Engelman arrived and attempted to secure the scene for EMS to render aid, he was shoved by [Appellant]. This act of shoving Officer Engelman in order to alarm him into leaving [Appellant's hotel] room fulfills the [elements] of harassment. Once the harassment was committed, Officer Engelman had a reason to conduct a lawful arrest of [Appellant]. [Appellant's] actions both in the doorway and in the hallway of not allowing [Officer] Engelman to arrest him, followed by the scuffle in the hallway, fulfill the requirements of [resisting arrest]. [Officer] Engelman, a trained officer who teaches tactical takedowns, was unable to secure [Appellant] due to the moisture on [Appellant's] skin and his physical resistance. [Appellant] did not come under control until [Officer] Engelman drew his taser. These facts fulfill the resisting arrest statute. Lastly, [Appellant] continue[d] struggling and wrestling with [Officer] Engelman once they were in the hallway, a public place[; Appellant's actions] recklessly created a risk of public annoyance or alarm. How [Appellant] got [into the hallway] is of no real importance as once he was in public, he continued with his fighting and tumultuous behavior. Therefore, viewing the testimony of Officer Engelman in the light most favorable to the Commonwealth as verdict winner, each element of each crime was met.

Commonwealth Brief at 7-8; *see also*, *e.g.*, *Commonwealth v. Schneider*, 239 A.3d 161, 165, 174-75 (Pa. Super. 2020) (rejecting sufficiency challenge to resisting arrest conviction where police entered appellant's residence to conduct a mental welfare check, appellant unsuccessfully attempted to prevent their entry, struck one officer in the chest, and resisted arrest).

In his next issue, Appellant claims the trial court unlawfully prohibited the jury from taking notes, contrary to the Pennsylvania Rules of Criminal Procedure. *See* Appellant's Brief at 5-9. Appellant argues the court applied a rescinded Rule of Criminal Procedure when it instructed the jury about note-taking, and thus he is entitled to a new trial. *Id.* at 9; *see also id.* at 8 (citing *Sherry v. Trexler-Haines Gas, Inc.*, 541 A.2d 341, 344 (Pa. Super. 1988)

("the trial court erred in applying the rescinded rule [of civil procedure] rather than the current.")).

Note-taking by jurors is governed by Pa.R.Crim.P. 644:

**(A) Jurors _shall_ be permitted to take notes** during opening statements, the presentation of evidence, and closing arguments for their use during deliberations.

**(1)** The jurors shall not take notes during the judge's charge at the conclusion of the trial.

**(2)** The court shall provide materials to the jurors that are suitable for note taking. These are the only materials that may be used by the jurors for note taking.

**(3)** The court, the attorney for the Commonwealth, and the defendant's attorney, or the defendant if unrepresented, shall not request or suggest that jurors take notes, comment on the jurors' note taking, or attempt to read any notes.

**(4)** The notes of the jurors shall remain in the custody of the court at all times.

**(5)** The jurors may have access to their notes and use their notes only during the trial and deliberations. The notes shall be collected or maintained by the court at each break and recess, and at the end of each day of the trial.

**(6)** The notes of the jurors shall be confidential and limited to use for the jurors' deliberations.

**(7)** Before announcing the verdict, the jury shall return their notes to the court. The notes shall be destroyed by court personnel without inspection upon the discharge of the jury.

**(8)** The notes shall not be used as a basis for a request for a new trial, and the judge shall deny any request that the jurors' notes be retained and sealed pending a request for a new trial.

**(B)** The judge shall instruct the jurors about taking notes during the trial. At a minimum, the judge shall instruct the jurors that:

> **(1)** the jurors are not required to take notes, and those jurors who take notes are not required to take extensive notes;
>
> **(2)** note taking should not divert jurors from evaluating witness credibility or from paying full attention to the evidence, opening statements, and closing arguments;
>
> **(3)** the notes merely are memory aids, not evidence or the official record;
>
> **(4)** the jurors who take few or no notes should not permit their independent recollection of the evidence to be influenced by the fact that other jurors have taken notes;
>
> **(5)** the jurors may not show their notes or disclose the contents of the notes to other jurors until deliberations begin, but may show the notes or disclose the contents during deliberations;
>
> **(6)** the jurors may not take their notes out of the courtroom except to use their notes during deliberations; and
>
> **(7)** the jurors' notes are confidential, will not be reviewed by the court or anyone else, will be collected before the verdict is announced, and will be destroyed immediately upon discharge of the jury.

*Id.* (bold and italic emphasis added).

Rule 644 was amended on December 1, 2021, and became effective April 1, 2022, three days prior to Appellant's trial. In its opinion, the trial court discussed the changes to Rule 644, and concluded Appellant failed to preserve this claim. The court explained:

One change that was made by the amendment was that, previously, note-taking was required only for trials lasting more than two days. Any trial less than two days was left to the judge's discretion on whether to allow jurors to take notes. The change effective as of April 1, 2022[,] removed the two-day language which would make juror note-taking required in all trials.

This entire trial lasted one day including the jury selection, opening statements, jury charge, closing argument and verdict decision. There was one witness who testified for the Commonwealth. The defense did not present any testimony or exhibits.

In order to preserve a claim that a jury instruction was erroneously given, the appellant must have objected to the charge at trial. **See Commonwealth v. Spotz**, 84 A.3d 294, 318 n.18 (Pa. 2014) [(a party must object to jury instruction before jury deliberates or risk waiver)] (citations omitted); Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of."); Pa.R.Crim.P. 647(B) ("No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."). [**Appellant's c**]**ounsel did not object to the** [**trial c**]**ourt's opening instructions regarding note-taking by jurors.** Thus, no further consideration of this particular argument is necessary since it is undisputed trial counsel did not preserve on the record any objection to the challenged portion of the trial court's instruction regarding note-taking.

Trial Court Opinion, 8/11/22, at 4-5 (emphasis added; some citations modified).[2] We agree Appellant waived this claim. **See Spotz**, **supra**.

---

[2] The record supports the Commonwealth's claim that "it does not appear that any of the participants were aware of the change [to Rule 644,] as no mention was made by either the Commonwealth or the Defense." Commonwealth Brief at 8.

Waiver notwithstanding, if the trial court erred in instructing the jury and applying a rescinded rule, no relief is due because any error was harmless. The Pennsylvania Supreme Court has opined:

> The harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial. We have described the proper analysis as follows:
>
>> Harmless error exists if the record demonstrates either: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Hairston*, 84 A.3d 657, 671-72 (Pa. 2014) (citations omitted); *see also Commonwealth v. Noel*, 104 A.3d 1156, 1169 (Pa. 2014) ("If a trial error does not deprive the defendant of the fundamentals of a fair trial, his conviction will not be reversed." (citation omitted)).

The record reveals that Appellant received a fair trial. If Appellant was prejudiced by the jury's inability to take notes, the prejudice was *de minimis*. *Hairston*, *supra*; *see also Commonwealth v. Wilson*, 2022 PA Super 210, * 9 (Pa. Super. 2022) (an "accused is entitled to a fair trial, not a perfect trial." (citing *Hairston*)).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/13/2023</u>